VAUGHAN vs. HOWE and another.

*Recovery of contract price of goods, when part unmerchantable—Measurement by third party of a part, conclusive under an agreement that he measure the whole—Interest on disputed claim—Waiver of objection.*

<div style="float:right">20  497<br>87   48<br>20  497<br>103 183</div>

1. Where the contract is for delivery of a specified quantity of merchantable logs, or *more* at the option of the vendor, the fact that part of the lumber delivered under the option is unmerchantable, does not preclude the vendor from recovering the contract price of any of the logs delivered.

2. Where parties to such a contract agree that a third person shall scale the logs, the fact that he scales a part only and estimates the balance, is no reason why his measurement, so far as actually made, should not be conclusive upon the parties.

3. Interest is allowable upon the price of logs delivered under such contract, although there is a dispute between the parties as to the quantity and quality of the logs delivered.

4. Where there was an answer setting up a counter-claim, and a reply, and then an amended complaint and an answer, and no reply to the latter, but the parties, on the trial, treated the reply to the first answer as being a reply to the answer to the amended complaint, the objection that there was no reply to the latter cannot be made in this court.

APPEAL from the Circuit Court for *Portage* County.

Action by *Vaughan* upon a written contract with *Howe & Rablin* for the delivery by the former to the latter, on the bank of a certain stream, of good, sound, merchantable logs, to the amount of 400,000 feet, or more, not exceeding 1,000,000 feet, to be scaled on the bank, at $3 per 1,000 feet. There was evi-

dence tending to show the delivery of about 500,000 feet; that both parties agreed that one Richardson should scale the logs; that he did scale a portion called the Leveright logs, amounting to about 106,000 feet, and a portion called the Ellis logs amounting to about 86,000 feet, and of the remainder scaled a part and estimated the balance. Mr. Richardson testified that the Ellis and Leveright logs were merchantable. There was evidence tending to show that some of the other logs were not merchantable, and that the value of the logs delivered was less than the contract price. The answer of the defendant set up several counter-claims, and evidence was introduced in support of and in opposition to them. The jury allowed the plaintiff interest from the time of delivery of the logs, on the balance found due to him. Two instructions asked by the defendants, and refused, are set out in the opinion of the court.

*Gregory & Pinney*, for appellants, as to the instructions, cited 2 Parsons on Con., 187; *Taylor v. Williams*, 6 Wis., 363; and as to the allowance of interest, Sedg. on Dam., 377, and note.

*H. W. & D. K. Tenney*, for respondent.

DOWNER, J. The appellants assign for error that the circuit court refused to give the first and third instructions asked by them. The first was: " If the jury find that the plaintiff has not strictly complied with the terms of the contract, he can only recover the actual value of the logs." The plaintiff, by the terms of the contract, was to deliver logs to the amount of four hundred thousand feet or more, not exceeding one million feet; and he delivered, according to the testimony, about five hundred thousand feet. To have granted this instruction would have been equivalent to saying to the jury, that if they found the plaintiff delivered on the contract a single log not of the quality called for by it, and all the others were of the quality required, and delivered according to its terms, and amount-

ed to more than 400,000 feet, he could not recover the contract price for any.    It was rightly refused.

The third instruction asked was : " If the jury find that the logs were not all scaled by Richardson, the amount he did scale was not conclusive upon the defendants, but the estimate placed upon said logs by other witnesses is competent testimony."    The evidence is to the effect that the parties agreed that Richardson should scale the logs, and that he did scale all of those called the Leveright logs, and all known as the Ellis logs, and the remainder he scaled a part of, and estimated what he did not scale.    We are unable to find any evidence that any other witness or witnesses estimated or scaled the whole of the logs, or estimated the identical logs actually scaled by Richardson.    We do not, therefore, think there was testimony on which to base this instruction, and we see no reason why Richardson's measurement as to the logs he actually scaled was not conclusive upon the parties.

It was proper that the jury should allow interest, and the testimony sustains the verdict.    The objection that there was no replication to the defendants' answer to the amended complaint, was not made in the court below; and it was here on the argument admitted that the parties went to trial in the circuit court, and treated the replication to the first answer setting up the counter-claims as a replication to the answer to the amended complaint.    The record also furnishes *prima facie* proof to the same effect.    We think the appellant is bound by his action in this respect in the circuit court.

*By the Court.*—The judgment of the circuit court is affirmed.