GRASSE and wife vs. THE MILWAUKEE, LAKE SHORE & WESTERN RAILROAD COMPANY.

(1) RAILROAD COMPANIES. *Liability as to farm crossings.* (2) *Nonsuit.* (3) *Evidence.* (4) *Instructions.*

1. Where a railroad company agrees to maintain, and does maintain, two "farm crossings" on a single farm, its obligation in respect to both, as to keeping them in a condition to afford a reasonably safe crossing for the occupants of the farm, is the same as it would be in the case of the single crossing required by the statute (Laws of 1872, ch. 119, sec. 30).

2. A compulsory nonsuit should be refused where the evidence is such as would sustain a verdict for the plaintiff.

3. In an action for injuries to plaintiffs, alleged to have been caused by the defective condition of a farm crossing on defendant's road, a witness for plaintiffs, having testified as to the condition of such crossing, and having stated, on cross examination, that he had also a farm crossing on his land, and that it was in the same condition as the one at which plaintiffs were injured, was asked by defendant's counsel "whether he carried his crops over his crossing that year." *Held,* that there was no error in overruling the question: first, because it was not proper *cross* examination; and secondly, because it tended to raise a side issue.

4. Some of the witnesses were Germans, whose testimony, given in their own language, was translated by an interpreter; and some of the jurors were also Germans. In his charge, the judge said: "Many of you understand the language in which the testimony was given; the jury will have no difficulty in calling to mind what the testimony was in regard to it; and, having examined the location, you are better prepared to understand all the evidence, both on the part of the plaintiff and defendant, than I am." There was no claim in this court that the testimony was not correctly translated, or that all of the jurors did not understand it alike. *Held,* that there was no error in the words cited from the charge.

APPEAL from the Circuit Court for *Sheboygan* County.

The railroad of the defendant is constructed through the farm of the plaintiff *Gottlieb Grasse,* in the county of Sheboygan, and the defendant constructed two farm crossings thereon for the use of the occupant. In July, 1873, as the plaintiffs

were passing over the railroad at one of these crossings with a team of horses harnessed to a wagon partly loaded with hay — the husband being on the ground driving the team, and the wife being on the load,— the latter was thrown from the wagon, and severely injured by falling on the ties of the railroad.

This action was brought to recover damages for such injuries. The pleadings are in the usual form, that is, each party charges that the negligence of the other caused the injury. The testimony tended to show that a plank laid on the ties outside of the rail formed a part of the crossing; that considerable space intervened between such plank and the surface of the ground under it; and that the dropping of the forward wheels of the wagon from the plank to the ground was the cause of *Mrs. Grasse* being thrown from the wagon. There was much testimony and controversy as to the manner in which the crossing was constructed, and as to whether the plaintiffs were exercising reasonable care to avoid injury when *Mrs. Grasse* was hurt. The jury were sent to examine the crossing.

The testimony and rulings of the court below, necessary to an understanding of the questions determined here, will be found stated in the opinion.

The court overruled a motion for a nonsuit. The plaintiffs had a verdict, upon which judgment was entered, a motion for a new trial being denied; and the defendant appealed from the judgment.

*Cottrill & Cary,* for.appellant, in support of the motion for a nonsuit, overruled by the court below, cited *Delaney v. M. & St. P. R'y Co.,* 33 Wis., 67; *Langhoff v. M. & P. du C. R'y Co.,* 23 id., 43; *Achtenhagen v. Watertown,* 18 id., 331; *Rothe v. M. & St. P. R'y Co.,* 21 id., 256; *Wicks v. Town of Marshall,* 24 id., 189; *Alexander v. Oshkosh,* 33 id., 277. 2. The question asked of a witness who had testified that his own crossing was in the same condition as the plaintiff's, as to whether he had carried his crops over his crossing that year, was proper, as

tending to show the condition of plaintiff's crossing and the witness's knowledge of it. 3. The fair interpretation of the charge relative to the testimony of the German witnesses was, that those of the jury who understood that language were authorized to take and consider the testimony given therein, without any interpretation. This was error. R. S., ch. 19, sec. 20.

*Jones & Sumner*, for respondents, upon the question of nonsuit, argued that if evidence, wanting at the time of the motion, is afterward supplied by either party, the error is cured (*Dodge v. McDonnell*, 14 Wis., 553; *Martin v. West. Un. R. R. Co.*, 23 id., 437; *Hamlin v. Haight*, 32 id., 237; *Barton v. Kane*, 17 id., 37; *Harper v. Milwaukee*, 30 id., 365); that the fact that the case does not contain all the evidence, is of itself fatal (*Antisdel v. C. & N. W. R'y Co.*, 26 Wis., 145; *Conklin v Hawthorn*, 29 id., 476; *Hubbard v. Town of Lyndon*, 24 id., 231; Simmons' Wis. Dig., p. 30 et seq.; supplement to same, p. 76 et seq.); as also the further fact that the evidence is conflicting (*Burton v. R R. Co.*, 52 Mo., 253); that if plaintiff was guilty of any contributory negligence, it was in using the crossing at all in the condition it was in at the time of the accident, and defendant was estopped by its verified answer from taking advantage of its own neglect (*Wanzer v. Howland*, 10 Wis., 8; *Denton v. Whiton*, 26 id., 679; *Gilbank v. Stephenson*, 31 id., 592); and that the court, in awarding a nonsuit, would have been obliged to decide a disputed question of fact, and would thus have usurped a function of the jury. Shearman & Redf. on Neg., § 11, notes 1, 2, § 416, note 3, and cases cited; *Sutton v. Wauwatosa*, 29 Wis., 21; *M. & C. R. R. Co. v. Hunter*, 11 id., 160; *Langhoff v. M. & P. du C. R'y Co.*, 19 id., 489; *Kavanaugh v. Janesville*, 24 id., 618; *Weisenberg v. Appleton*, 26 id., 56; *Castello v. Landwehr*, 28 id., 522; *Butler v. M. & St. P. R'y Co.*, id., 487; *Houfe v. Town of Fulton*, 29 id., 296; *Wheeler v. Westport*, 30 id., 392; *Duffy v. C. & N. W. R'y Co.*, 32 id., 269; *Perkins v. Fond du Lac*, 34 id., 435; *Barstow v. Berlin*, id.,

357; *Filer v. N. Y. Cent. R. R. Co.*, 49 N. Y., 47, 13 Am. Law Reg. N. S., 288, 300; *Colegrove v. N. Y. & N. H. R. R. Co.*, 20 N. Y., 492; *Foot v. Wiswall*, 14 Johns., 304. In support of the judge's charge referring the jury to their knowledge of the German language, counsel argued that it could not have injured defendant except upon the supposition that the translated evidence differed materially from the original, in favor of the defendant, a presumption which would not be indulged as against a sworn officer of the court, even if the defendant would be allowed to take advantage of such unlawful favor on the part of the interpreter.

LYON, J. The exceptions of the defendant are few in number, and will be considered in their order.

1. Did the court err in denying the motion for a nonsuit? The legal duty of the defendant to maintain a farm crossing on the lands of the plaintiff *Gottlieb* in a condition to afford a reasonably safe crossing for the owner and his family, is not denied. (Laws of 1872, ch. 119, sec. 30). If the defendant agreed to, and did maintain two farm crossings on such land instead of one, the legal obligation as to each of them is the same. The questions litigated on the trial were: 1. Was the crossing in a reasonably safe condition when *Mrs. Grasse* was injured? and, if not, 2. Did the plaintiffs use ordinary and reasonable care to avoid the injury? As a matter of course, these were the controlling questions in the case. The testimony relating to both of them is conflicting. We have examined it carefully, and we think it sufficient to sustain a verdict and judgment either for the plaintiffs or for the defendant. That is to say, under the testimony it cannot be held against the verdict, as matter of law, that the crossing was or was not in a reasonably safe condition, or that the plaintiffs were, or were not, guilty of negligence which contributed directly to produce the injury complained of. Because of the conflict in the testimony, these became questions of fact for the jury. The motion for a

nonsuit called upon the court to determine them as matters of law, and hence it was properly denied.

2. The plaintiffs produced a witness who, on his direct examination, testified as to the condition of the crossing where the accident happened, and to nothing further. On his cross examination by counsel for the defendant, he testified that he, too, had a railroad farm crossing on his land, and that his crossing and that at which *Mrs. Grasse* was injured, were in the same condition. The same counsel then put the following question to the witness, to which objection was made on behalf of the plaintiffs, and sustained by the court: "Did you carry your crops over your crossing that year?" The ruling was correct on two grounds: 1. In his direct examination the witness had not said a word about his own crossing, and the question ruled out was not legitimate cross examination. 2. The question, if answered, might have raised a side issue for trial, viz., the condition of the crossing on the farm of the witness, which issue would have thrown no light whatever on the questions which the jury were to determine. Hence the ruling was correct on the merits.

3. It seems that a portion of the witnesses — perhaps all of them — were Germans, and testified in their own language (which was translated into English by an interpreter), and that some of the jury were also Germans. In his charge to the jury the learned circuit judge said: "Many of you understand the language in which the testimony was given; the jury will have no difficulty in calling to mind what the testimony is in regard to it; and, having examined the location, you are better prepared to understand all the evidence, both on the part of the plaintiff and the defendant, than I am." These remarks of the judge were excepted to on behalf of the plaintiff, and it is claimed that they are erroneous and fatal to the judgment.

There is no claim or pretense that the testimony of the witnesses was not correctly translated, or that all of the jurors did not understand it alike. The most that can be extracted from

the language quoted is, that the jury would have no difficulty in calling to mind the testimony because many of them understood the language in which it was given, and that the jury, having viewed the crossing, were better able than the judge to understand the evidence. These were mere casual remarks, which, besides being perfectly harmless, were entirely true.

The remaining exceptions to the charge seem to rest upon the same grounds as the motion for the nonsuit, and need not, therefore, be further considered.

4. The counsel for the defendant asked the court to give several specific instructions, which the court refused to give. It is deemed unnecessary to set out these proposed instructions at length. It is sufficient to say that they have been carefully considered, and we are of the opinion that in so far as they contain correct legal propositions, they were substantially given to the jury in the charge of the court.

It is believed that the foregoing observations dispose of all the exceptions relied upon to reverse the judgment.

As we find no error in the record, the judgment of the circuit court must be affirmed.

*By the Court.* — Judgment affirmed.