BENHAM vs. PURDY.

*December 19, 1879 — January 7, 1880.*

*(1) Deposition: waiver of notice. (2) Court and jury.*

1. A failure to serve on a party notice of the taking of a deposition is waived by his joining in the commission and submitting cross interrogatories.
2. Where the evidence is conflicting and would support a verdict either way, it is error to instruct the jury to return a verdict for the plaintiff.

APPEAL from the Circuit Court for *Fond du Lac* County.

Action for a sum of money alleged to have been collected by defendant upon a promissory note belonging to plaintiff, and converted by defendant to his own use. The answer denies plaintiff's ownership of the note at the commencement of the action, and alleges that one Squires was the true owner thereof, and that defendant had paid him the amount collected thereon.

At the trial, defendant objected to the admission in evidence of certain depositions, on the ground that there had been no service on his attorneys of any notice of the taking of such depositions or of the affidavit on which they were founded, and that there was no certificate attached to the depositions, showing when they were taken. The objection was overruled.

At the close of the evidence, the court directed the jury to find a verdict for the plaintiff for a certain sum, and they

found accordingly.  From a judgment pursuant to the verdict, defendant appealed.

*Elihu Colman*, for the appellant.

*George W. Carter*, for the respondent.

ORTON, J.  The objection of the appellant to the depositions for the want of notice was waived by his joining in the commission and submitting cross interrogatories *(Miller v. McDonald*, 13 Wis., 673; *Cameron v. Cameron et al.*, 15 Wis., 1); and the certificate of the commissioner appears to be sufficient.

The facts of this case, and undisputed, appear to be, that the appellant and one Squires were copartners, and as such held a note for the sum of $298 against the firm of Carney Bros., of the state of Michigan, which was in the hands of one Adams, of said state, for collection; that upon the dissolution of the copartnership this note was assigned to Squires; and that the money collected by Adams on the note was sent by him to the appellant.  The respondent claims that he purchased the note for value and took an assignment of it before its collection from Squires, and has demanded the money as the proceeds thereof from the appellant.  The appellant denies these allegations, and claims that Squires was the owner of the note and the proceeds thereof, and that he had applied the same in liquidation of a certain demand he held against Squires.

The learned circuit judge held, in answer to an inquiry of counsel, "that the defense set up in the answer turns upon the ownership of the note," which was strictly correct, and this seems to have been the material question in the case.

We think there was testimony given upon this question tending strongly to show that Squires was the real owner of the note and moneys, and not the respondent, which ought to have been submitted to the jury.  The appellant and the witness J. H. Hauser, Esq., both testified that the respondent

admitted to them, respectively, that Squires was the owner of the note.

To say the least of it, there was a direct conflict of evidence, and a question of the credibility of witnesses and of the weight of testimony, of which the jury were the exclusive judges. *Morrow v. Delaney*, 41 Wis., 149.

To warrant the court to direct a verdict for either party, there should be no doubt about the evidence. Directing a verdict to be rendered *for* the plaintiff should rest upon the same principles as directing a nonsuit *(Cutler v. Hurlbut et äl.*, 29 Wis., 152); and the rule in such case is not to grant a nonsuit unless the plaintiff has clearly failed to make out a case, or when the testimony is conflicting and would sustain a verdict either way. *Grasse et ux. v. Mil., L. S. & W. Railroad Co.*, 36 Wis., 582. A nonsuit should be ordered only when there is an entire want of evidence which, on the most favorable construction, tends to establish the plaintiff's case. *Imhoff v. Ch. & Mil. Railroad Co.*, 22 Wis., 631. Tested by these rules, the circuit court clearly erred in directing a verdict for the plaintiff in this case.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded for a new trial.