GAMMON and another vs. ABRAMS, Adm'r.

*October 20 — November 3, 1881.*

*(1) Court and jury. (2) Waiver of new trial. (3) Reasonable time: when a question of law. (4) When interest allowed.*

1. Where the evidence is clear and undisputed, the court may direct the jury to find a general or special verdict in accordance therewith, or may itself find the fact and render judgment accordingly; and it is strongly intimated herein that the court, after setting aside a special verdict contrary to the clear and undisputed evidence, may either grant a new trial, direct the proper verdict, or render judgment according to the evidence.

2. A party who, after a special verdict has been set aside, does not ask for a new trial, *waives* it.

3. A " reaper and self-binder " was delivered to a conditional purchaser in July, and used in the harvest of that season, and found defective. In January or February following, the vendor's agent called on the purchaser in relation to payment for the machine, and the purchaser said he would give nothing for it; but he still kept it and did not offer to return it until the following April. *Held*, that there was no error in setting aside a finding by the jury that the machine was returned *in a reasonable time*, and rendering judgment for its value.

4. Interest on the value of the property from the commencement of the suit was properly allowed, although such value had to be ascertained by evidence.

APPEAL from the Circuit Court for *Winnebago* County.

Some time in 1878, the plaintiffs sold to defendant's intestate a combined reaper and binder and certain wire to be used therewith, of their own manufacture, which was delivered to the vendee about the 26th of July of that year. This action was brought to recover the contract price of the machine and wire. The defense set up by the answer was, a rescission of the contract of sale for breach of warranty, a notice to the plaintiffs and request that they would take the property away, and a subsequent return of the property by the vendee. The jury found, by special verdict, that the implied warranty that said machine and wire were reasonably fit for the purposes for which they were manufactured and sold, was not waived by special agreement between the parties at the time of the sale; that such machine and wire were not reasonably fit for such purposes; (5) that defendant returned the same within a reasonable time and to a reasonable place, to wit, (6), to the depot of the Chicago & Northwestern Railway Company, in the city of Oshkosh in this state, during April or May, 1879; that the value of the machine and wire as they actually were, with all defects, was $125; and that if they had been reasonably fit for the purposes for which they were manufactured and sold, their value would have been $312.50. The court, on plaintiffs' motion, set aside the fifth finding, that defendant returned the property within a reasonable time and to a reasonable place, and rendered judgment in favor of the plaintiffs for $140 damages. The defendant appealed from the judgment.

The cause was submitted for the appellant on the brief of *Hooper & Berry*. They contended, among other things, 1. That the judge should have set aside the whole verdict and ordered a new trial, or rendered judgment for the defendant upon the verdict. *Walker v. Dewing*, 8 Pick., 520; *Roberts v. Rockbottom Co.*, 7 Met., 46; *U. S. Trust Co. v. Harris*, 2 Bosw., 75; *Brush v. Kohn*, 9 id., 589; *Rosser v. Barnes*, 16 Ind., 502; *Crassen v. Swoveland*, 22 id., 427; *Noakes v.*

*Morey*, 30 id., 103; *Dana v. Farrington*, 4 Minn., 433; *Kans. Pacific R. R. Co. v. Pointer*, 14 Kans., 37; *Usher v. Hiatt*, 18 id., 195; *Wallace v. Hilliard*, 7 Wis., 627; *Carrol v. Bohan*, 43 id., 221; 3 Wait's Pr., 193.   2. That where the circumstances of a failure to return are explained, and the testimony is conflicting in regard to the facts, the question of reasonable time is for the jury and not for the court.   *Hill v. Hobart*, 16 Me., 168; *Greene v. Dingley*, 24 id., 137; *Boothby v. Scales*, 27 Wis., 637; *Smith v. Stoller*, 26 id., 672; *Lemke v. C., M. & St. P. Railway Co.*, 39 Wis., 455; *Paige v. McMillan*, 41 id., 337; *Davis v. Hubbard*, id., 411; *Churchill v. Price*, 44 id., 544; 3 Pars. on Con., 6th ed., 41.   3. That the court erred in allowing interest on $125, the actual value of the property as found by the jury.   Interest cannot be allowed on an open unliquidated demand, when the right to recover is doubtful and is contested on reasonable grounds, and the amount can only be determined by a jury.   *Lusk v. Smith*, 21 Wis., 28; *Marsh v. Fraser*, 37 id., 149; *Yates v. Shepardson*, 39 id., 173; *Shipman v. The State*, 44 id., 458.

For the respondents there was a brief by *Jackson & Thompson*, with *John H. Hamline*, of counsel, and oral argument by *Mr. Thompson*.

ORTON, J.   The main questions to be considered on this appeal are, *first*, whether the defendant returned to the plaintiffs the machine and wire within a reasonable time after he discovered their unfitness for the purposes for which they were bought, to rescind the bargain; and *second*, whether interest should have been allowed upon the amount recovered as the real value of the property, from the commencement of the suit. As the fifth special finding, the jury found that the defendant did return the machine and wire within a reasonable time to the plaintiffs.   The circuit court set aside this finding, and rendered judgment for the plaintiffs for what the property was reasonably worth.   The general power of the circuit or trial

court to direct the jury to find a general or special verdict, where the evidence is clear and undisputed, is unquestionable. *Cutler v. Hurlbut*, 29 Wis., 152, and numerous cases cited therein; and *Benham v. Purdy*, 48 Wis., 99. The learned counsel of the appellant contends in his brief that, after setting aside the fifth finding, the court should have directed the jury to find that the machine and wire were not returned within a reasonable time.

If the court had the power to so direct the jury, then certainly it had the power, in a more direct manner, to reach substantially the same result by finding the fact upon the undisputed evidence for itself, and rendering judgment accordingly. But, inconsistently with this conceded power of the court, the learned counsel contends further that upon setting aside this special finding the court should have ordered a new trial. Without deciding what would be the proper practice in such cases, but strongly intimating that the court, after setting aside a special verdict, has the discretion, where the evidence is clear and undisputed, to grant a new trial, direct the proper verdict, or render judgment according to the evidence, it is sufficient to say here that the defendant did not ask for a new trial, and therefore waived it, and took exceptions only to the setting aside of the special finding and the rendition of the judgment.

What is a reasonable time, unreasonable delay, laches, negligence or diligence, in any given case, is strictly a mixed question of law and fact, which ought to be submitted to the jury. But to this general rule there are two exceptions: (1) When there are fixed and certain rules for its determination by the court; and (2) where the uncontroverted evidence so clearly proves the issue that there is really no question in respect to it to be submitted to the jury. In such cases the question may be treated as one of law, and passed upon by the court without any encroachment upon the province of the jury. 1 Greenl. Ev., § 49, and notes; *Williams v. Porter*, 41 Wis., 423;

*Hutchinson v. Chicago & N. W. Railway Co.*, 41 Wis., 541; *Berg v. Chicago, M. & St. P. Railway Co.*, 50 Wis., 419.

In *Lemke v. Chicago, M. & St. P. R'y Co.*, 39 Wis., 450, Mr. Justice Lyon says in the opinion: "When, as in this case, the facts relating to the question are few and simple, and are conclusively established by a special finding or by the undisputed evidence, it is for the court to say whether a reasonable time has or has not elapsed for the performance of a given act." In *Boothby v. Scales*, 27 Wis., 626, the chief justice said in the opinion: "Cases may arise where, although an offer to return was made, the court must say as a matter of law it came too late." But even in a case where the question was strictly for the jury, and the court assumed to decide it, it would not be error unless it affected the substantial rights of the adverse party. Section 2829, R. S.

Tested by these rules, did the circuit court properly decide that the defendant delayed an unreasonable time in returning the machine and wire? He received these in July, and they were used in the harvest of that season and proved to be defective. The agent of the plaintiffs attempted at that time to cure the defect. In the subsequent January or February, another agent of the plaintiffs called upon the defendant in relation to obtaining payment for the machine and wire, and the defendant said he would not give anything for them. But he still kept the machine and wire, and never offered to return either until April or May, 1879, more than eight months from the time he discovered they were unfit for the purposes for which he bought them. In *Boothby v. Scales, supra,* the chief justice said further, in the opinion: "But the vendee in such case must act with promptness, and, upon discovering that the subject matter is not what was contemplated, he must offer to return it." And again: "No jury has the power arbitrarily to say that *six months* or six years is a reasonable time in which to test a fanning-mill, when everybody knows that a single day, or, at most, two or three days, with all the

conveniences at hand, is amply sufficient for that purpose." If unreasonable delay in returning the property, to effect a rescission of the bargain, could ever be found by the court as a question of law upon the undisputed evidence, it certainly could be in this case. We therefore think that the circuit court committed no error in setting aside the finding of the jury on this question and in finding the delay to return the property unreasonable.

Interest was properly allowed on the real value of the property sold and delivered, from the commencement of the suit; and it makes no difference that such value had to be ascertained by evidence. 2 Sedg. on Damages, 173; *Vaughan v. Howe*, 20 Wis., 497.

*By the Court.*— The judgment of the circuit court is affirmed.