Munkwitz, Appellant, vs. Uhlig, Respondent.

*October 17 — November 3, 1885.*

*(1) Landlord and tenant: Covenant not to assign or underlet: What constitutes a breach. (2) Court and jury: Special verdict: Judgment.*

1. The stock of goods belonging to the lessee of a store building was sold on execution and was purchased by Y., his father-in-law, who transferred it to his son, Y. Jr., in pursuance of an arrangement with the lessee that the business should be carried on in the name of Y. Jr., the lessee receiving a certain sum each month out of the profits for his maintenance, and the balance of the proceeds being applied in payment of his debts. Neither Y. nor Y. Jr. received any of the profits or proceeds of the business for their own use. The goods were not removed from the store and the business was conducted as before the sale, by the lessee, except that moneys received were deposited in the name of Y. Jr. and he signed all checks. *Held*, that these facts do not show a breach of a covenant in the lease not to assign or otherwise part with the lease and not to underlet or part with any portion of the leased premises.

2. Where the evidence conclusively shows that the plaintiff is not entitled to recover, and a special verdict contains no finding which interferes with the rendition of judgment for the defendant, judgment may be rendered accordingly although the verdict does not find the facts essential to support such judgment.

APPEAL from the County Court of *Milwaukee* County.

This action was brought under the statute (R. S. sec. 3358), before a justice of the peace, to obtain restitution of a certain store building in the city of Milwaukee which the plaintiff had theretofore leased to the defendant. It is alleged that the defendant holds possession thereof contrary to a covenant of the lease against underletting. Subd. 3. Service of statutory notice requiring delivery of the possession of the leased premises is also alleged and admitted. The trial before the justice resulted in a judgment for the plaintiff, whereupon the defendant appealed to the county court.

The pleadings and uncontradicted evidence introduced on the trial in the county court establish the following facts: The lease was executed May 1, 1883, for a term of three years commencing on that day, at a stipulated yearly rent of $1,000, payable monthly. The defendant and one Wilde, his partner, were the original lessees, but Wilde afterwards retired from the business carried on in the leased store, and the plaintiff consented thereto and accepted the defendant as sole lessee.

The lease contains a covenant on the part of the lessee "not to assign or underlet the said premises, or any part thereof, or otherwise part with this indenture, or the premises hereby leased, or any part thereof, to any person or persons whatever, without the consent thereto in writing of said lessor, his representatives or assigns, first had and obtained in writing thereto." The lease also contains a stipulation of forfeiture if default be made by the lessees in any of the covenants or agreements therein contained, and giving the lessor, in case of such default, the right to re-enter the leased premises and expel the lessees therefrom.

The action is founded entirely upon an alleged breach of the covenant above quoted. It is stated in the complaint that after the defendant became sole tenant, he "remained in such sole posssesion until on or about the 7th day of

November, 1884, when, without any consent or permission of the said *Munkwitz*, he, the said *Uhlig*, contrary to the covenants and conditions of said lease, parted with such sole possession and control of said premises by admitting into joint possession thereof with himself, and contrary to said terms, one William Young, Jr., who now holds possession and control thereof with said *Uhlig*, without any consent or permission of the said *Munkwitz*, and contrary to the said terms of said lease." The facts upon which the alleged breach of the covenant is predicated are stated in the opinion.

The jury entered the following special verdict: "(1) Had the defendant suffered Wm. Young, Jr., to be in possession, with the stock of goods purchased by said Young, of the premises described in the lease, for the purpose of business? Yes. (2) Was he, said Young, so in possession at the time of the notice to quit? Yes. (3) Was possession with the consent of said plaintiff? No. (4) Was William Young, Jr., in possession as an assistant of *Arthur Uhlig*, the defendant? No. (5) Was *Arthur Uhlig*, the defendant, conducting the business at the store in the complaint mentioned, as Young's agent? No. (6) Was *Arthur Uhlig*, the defendant, conducting the business on the premises mentioned, as the agent of William Young, Jr., but ultimately for his own benefit? No."

The plaintiff moved for judgment on the special verdict, which motion was denied. The defendant moved that such verdict be set aside, and for a new trial or for judgment. The court, thereupon, set aside the verdict and gave judgment for the defendant, dismissing the complaint, with costs. The plaintiff appeals from such judgment.

For the appellant there was a brief by *Nath. Pereles & Sons* and *E. P. Smith*, and oral argument by *Mr. Smith*. They contended, *inter alia*, that any entire or partial surrender of control of the premises by the tenant during the

term, without the landlord's consent, was a breach of the covenant. The words used cannot be restricted to an underletting or assignment. *Doe dem. Michinson v. Carter*, 8 Term, 57; *Roe dem. Dingley v. Sales*, 1 Maule & S. 297; Platt on Covenants, 409, 410; *Greenslade v. Tapscott*, 1 Cromp., M. & R. 55; *Rex v. St. Nicholas*, 5 Barn. & Ad. 229; 27 Eng. C. L. 71. If Young entered with the lessee's consent the result must have been a tenancy of some kind. *Cross v. Upson*, 17 Wis. 619; *Gunsolus v. Lormer*, 54 id. 633; *Larned v. Hudson*, 60 N. Y. 102; 4 Kent's Comm. 114. A permission for Young to jointly occupy would make him a tenant at will. *Ezelle v. Parker*, 41 Miss. 520; *Leavitt v. Leavitt*, 47 N. H. 329. And in the following cases a mere permissive holding, or a holding under an agreement for a lease, or a void lease, or a contract for a sale which has gone off, is sufficient to sustain the action for use and occupation, which is said only to lie where the relation of landlord and tenant exists. *Codman v. Jenkins*, 14 Mass. 93; *Blume v. M'Clurken*, 10 Watts. 380; *Warner v. Hale*, 65 Ill. 395; *Howard v. Shaw*, 8 Mees. & W. 118; *Little v. Pearson*, 7 Pick. 301; *La Farge v. Park*, 1 Edm. S. C. (N. Y.) 223; *Nance v. Alexander*, 49 Ind. 516.

For the respondent there was a brief by *Van Dyke & Van Dyke*, and oral argument by *Mr. Geo. D. Van Dyke*. They argued, among other things, that, assuming that the covenant for re-entry would make the lease voidable upon nonperformance of any covenant to which it relates, it cannot be coupled with the covenant not to assign, etc., for *ex vi termini* it relates merely to *affirmative* covenants, or covenants to be "performed," and not to *negative* covenants which cannot be "performed." Platt on Covenants, 19. The word "default" means "a failure in performance." Webster's, Worcester's and Bouvier's Dict. *sub nom.* See *Doe dem. Polk v. Marchetti*, 1 Barn. & Ad. 715; Taylor on L. & T. sec. 489; Wood on L. & T. 863; *Doe dem. Abdy v.*

*Stevens*, 3 Barn. & Ad. 299; *Wadham v. Postmaster Gen.*
L. R. 6 Q. B. 644; *West v. Dobb*, 5 id. 459; *Evans v. Davis*,
L. R. 10 Ch. Div. 747, 761; *Hyde v. Warden*, L. R. 3 Exch.
82; 1 Washburn on R. P. 478. A strict rule of construc-
tion applies to provisos for re-entry, involving forfeitures of
terms, and also to covenants in restraint of alienation.
*Crusoe v. Bugby*, 3 Wils. 234; Taylor on L. & T. sec. 403;
Wood on L. & T. sec. 324; Platt on Covenants, 406; *Riggs
v. Pursell*, 66 N. Y. 201; *Mills v. Evansville Seminary*,
58 Wis. 138–140; *Morse v. B. F. & M. Ins. Co.* 30 id. 540;
*Lawe v. Hyde*, 39 id. 346. The facts shown in this case do
not constitute a breach of the covenant. The covenant
forbids assigning and underletting merely, and does not
prevent the tenant, neither assigning nor underletting, from
parting with the possession of the demised premises, or
sharing the possession with another. *Church v. Brown*, 15
Ves. Jr. 265; Platt on Covenants, 403–410; Taylor on L.
& T. secs. 402–409; Wood on L. & T. sec. 324; 1 Washburn
on R. P. 472; *Crusoe v. Bugby*, 2 W. Blackst. 766; *Doe dem.
Pitt v. Hogg*, 4 Dowl. & Ry. 226; *Doe dem. Pitt v. Lam-
ing*, 4 Campb. 73; *Jackson v. Harrison*, 17 Johns. 66; *Roose-
velt v. Hopkins*, 33 N. Y. 81; *Bristol Corp. v. Wescott*, L.
R. 12 Ch. Div. 461; *Hargrave v. King*, 5 Ired. Eq. 430;
*Harrison v. Belsey*, T. Raym. 413, 414; *Schroeder v. King*,
38 Conn. 78; Comyn's Dig. tit. CONDITION (Q); *Anon.* Moore,
pl. 49; *Clark v. Clark*, 49 Cal. 586; *Leduke v. Barnett*, 47
Mich. 158; *Pence v. St. P., M. & M. R. Co.* 28 Minn. 488.
William Young, Jr., was at most a licensee. Wood on L. &
T. sec. 227 and note 6; Taylor on L. & T. sec. 24; Wood-
fall on L. & T. (11th ed.), 113, 114; 1 Washburn on R. P.
629, 634–5; *Chynoweth v. Tenney*, 10 Wis. 408; *Duinneen
v. Rich*, 22 id. 550; *Tyson v. Guineas*, 25 id. 660; *Lockhart
v. Gier*, 54 id. 113. Even if the covenant could be construed
to prohibit parting with the possession of the premises or
any part thereof, such covenant would be broken only by

parting with the possession of the whole or some specific part. Sharing the possession with another would not be a breach.

LYON, J. The material evidence in the case is entirely uncontradicted. It proves that shortly before November 7, 1884, the sheriff levied an execution upon the defendant's stock of goods, and by virtue thereof duly sold the same to one Steck. Immediately thereafter, William Young, Sr., the father-in-law of the defendant, bought the goods of Steck, and sold the same to his son, William Young, Jr. The intervention of the Youngs was for the sole benefit of the defendant, pursuant to some arrangement or understanding between them and the defendant that the business should be continued and carried on in the name of Young, Jr., the defendant to receive a stated sum per month out of the profits for his maintenance, and the balance of the proceeds of the business to be applied in payment of the defendant's debts. The Youngs were to have none of the profits or proceeds of the business to their own use, and never so received any part thereof. All this was upon the condition that the defendant should conduct himself properly, and there is no claim that he did not do so. The goods were not removed from the store by the sheriff or either of the purchasers, and the business was carried on therein as before the seizure, by permission of the defendant. The defendant remained in the store and conducted the business as before, with the exception that the money received in the business was deposited in the name of Young, Jr. It does not satisfactorily appear that the latter had anything to do with the business except to go to the store for a short time daily and sign checks. Such was the situation of affairs when the statutory notice was served, November 26, 1884. The case is barren of evidence tending to show that the defendant ever formally assigned, trans-

ferred, or disposed of his interest in the lease, or any part thereof, or underlet the leased premises, or any part thereof. Indeed, it is conclusively proved that he did not do so.

The foregoing are all the material facts in the case bearing upon the question whether there was a breach of any covenant in the lease. Unless it necessarily results from those facts that the defendant has made default in some one of his covenants or agreements contained in the lease, there is no proof of any such default. His covenant is that without the consent of his landlord he will not assign or otherwise part with the lease, and will not underlet or part with any portion of the leased premises. Certainly he has not assigned or parted with his lease, neither has he formally underlet the leased premises. There is no testimony tending to prove that the defendant has done either of these acts. On the contrary (as before stated), it is affirmatively proved that he has not. Hence, if there has been any breach of covenant, it is because the defendant has parted with the leased premises, or some portion thereof. Has he done so? We fail to find any testimony tending to show that he has. He was there managing and controlling the business as he had done before his stock was seized and sold, except that his relatives, with his consent, had placed restrictions upon him respecting the expenditure of money, the proceeds and profits of the business. True, the legal title to the goods was in Young, Jr., but he held the title thereto as a sort of trust created by Young, Sr., for the sole benefit of the defendant. There is no hint in the testimony of any interference by either of the Youngs with his management of the business. He transacted this business in the leased store, and at the same time held the lease thereof unassigned and unimpaired. It seems clear that an action for a trespass to the leased premises would necessarily have been brought in the name of the defendant, and that he could at any time have lawfully required Young, Jr., to re-

move the goods from the store. The rule that courts will' construe a contract or other instrument strictly to prevent a forfeiture need not be invoked to save this lease. On the undisputed evidence it must be held that the covenant under consideration has not been broken.

It was maintained on behalf of the defendant. that the covenant not to assign the lease, or part with the possession' of the leased premises, being a mere negative covenant, is not within the stipulation giving the lessor the right of 're-entry in case of default in respect to any of the covenants or agreements contained in the lease. This proposition was argued with much ability by the respective counsel. Having reached the conclusion that there has been no breach' of that covenant, it is unnecessary to determine the proposition.

The special verdict will now be briefly considered. The jury found that the defendant, without the consent of the plaintiff, suffered William Young, Jr., to be in possession, with the stock of goods, of the leased premises for the purpose of business. This is not an explicit finding that the defendant parted with the possession of any portion of the leased premises. It must be construed and understood with reference to the undisputed facts in the case. So construed, the finding means only that Young, Jr., had just such possession of the premises as resulted from his interest in the goods and business, and none other. We have already seen that such interest did not operate to divest the defendant of his lease, or his possession under it of the whole or any part of the leased premises. Hence this is not a sufficient finding that the defendant has broken any covenant or agreement contained in the lease.

The remaining findings are to the effect that Young, Jr., was not in possession as an assistant of the defendant, and' that the latter was not conducting the business as agent of' Young, Jr., but for his own benefit. It is conclusively

proved that the defendant was conducting the business for his own benefit. Otherwise these findings are unobjectionable. Young, Jr., was not the agent of the defendant, and the latter was not the agent of Young, Jr. The relation between them was more like that of *cestui que trust* in actual possession of the trust property, and trustee. Such relation was not hostile to any covenant in the lease.

It results from this brief analysis of the special verdict that the facts found therein are insufficient to support a judgment for the plaintiff, unless the first finding be construed to mean that the defendant actually parted with the possession of the leased premises. We have seen that if so construed it is unsupported by any evidence. The plaintiff, therefore, was not entitled to judgment on the special verdict, and it was not error to set the verdict aside, although, had it been allowed to stand, probably it would not have been an obstacle to a judgment for the defendant.

Had the jury found the same facts they did find, and in addition thereto had they found that the defendant did not assign or part with his lease, and did not underlet or otherwise part with any portion of the leased premises, the court would construe the first finding to mean only that Young, Jr., had such possession of the leased premises as resulted from his interest in the goods and business, and none other. So construed, the finding would not conflict with such supposed additional finding, and judgment would go for the defendant upon the verdict, without setting aside any of the findings therein.

In *Hutchinson v. C. & N. W. R. Co.* 41 Wis. 541, the rule was established, and has since been adhered to, that if the jury fail in a special verdict to find a fact essential to uphold the judgment recovered, if the undisputed evidence proves such fact, the judgment will not be disturbed because of such omission. It is there said: "In such a case a finding upon the issue is matter of form rather than substance; for

certainly there can be no substantial difference between directing the jury to find that the title was in the plaintiff, and then giving judgment for him founded on such finding, and rendering the same judgment without such finding." *Weisel v. Spence,* 59 Wis. 301, and cases there cited.

The evidence showing conclusively that the plaintiff was not entitled to recover, and the special verdict containing no finding of fact which interfered with the rendition of judgment for the defendant, we think the court properly gave judgment in his favor. See *Gammon v. Abrams,* 53 Wis. 323.

Other questions were argued, but those above determined are conclusive of the case.

*By the Court.*— Judgment affirmed.