SCHWEICKHART and another, Appellants, vs. STUEWE, Respondent.

*October 23 — November 5, 1889.*

*Practice: Judgment contrary to verdict: Discretion: New trial: Terms: Appeal: Waiver.*

1. A judgment in conflict with a special verdict should not be rendered until the verdict, or the conflicting portion thereof, is set aside.

2. Where, on the ground that upon the undisputed evidence the plaintiff is entitled to recover, a verdict to the contrary is set aside, it is within the discretion of the trial court either to direct judgment for the plaintiff or to grant a new trial.

3. Where a new trial is granted because the verdict is wholly unsupported by the evidence, the party obtaining such new trial should not be required, as a condition thereof, to pay the costs of the former trial.

4. The right to appeal from an order denying a motion for judgment on the verdict, is waived by obtaining an order setting aside the verdict and for a new trial.

APPEAL from the Superior Court of *Milwaukee* County.

The following statement of the case was prepared by Mr. Justice TAYLOR as a part of the opinion:

This was an action to recover an alleged balance due to the plaintiffs from the defendant upon a contract for the sale and delivery of stone. The defendant answered, denying the plaintiffs' claim, and setting up a counterclaim. The case was tried by the court and a jury. Upon the trial the jury, under the order of the court, found a special verdict. The effect of the special verdict was to negative the plaintiffs' right to recover against the defendant for any amount claimed to be due them from the defendant, and to find in favor of the defendant upon his counterclaim the sum of $175.

Upon the rendition of this verdict the plaintiffs and appellants first moved the trial court, upon the records and files in the case, the minutes of the court, and the testimony given on the trial of the case, and upon the special verdict of the jury, for judgment in favor of the plaintiffs for the amount of their claim, less the sum of $175, found due to the defendant on his counterclaim. This motion was denied by the court below, and thereafter the plaintiffs made a motion to set aside the verdict of the jury and for a new trial. This motion was granted by the court, and the following order was made upon such motion:

" The plaintiffs' motion in this action to set aside the verdict of the jury and grant a new trial herein, having been duly argued before this court upon the 6th day of October, 1888, George E. Sutherland, as attorney for the plaint-

iffs, appearing in favor of said motion, and Fiebing & Killilea, as attorneys for the defendant, in opposition thereto, and the court being of the opinion that the answer to the fourth question in the special verdict returned by the jury was wholly unsupported by the evidence given on the trial of the cause, and having, on the 3d day of November, 1888, upon that ground, directed that the verdict be set aside, and a new trial granted herein, upon the condition that the plaintiffs pay the costs of the former trial, but no written order having been made or signed, it is now ordered that the plaintiffs' motion for a new trial be, and the same hereby is, granted, upon condition that the plaintiffs pay to the defendant the costs of the former trial, and that this written order be entered as of the 3d day of November, 1888."

The plaintiffs have appealed to this court, first, from the order denying their motion for judgment in their favor upon the evidence and the special verdict, and also from the order setting aside the special verdict and granting a new trial, and specifically from that part of the order granting a new trial which compels the plaintiffs to pay to the defendant the costs of the former trial.

For the appellants there was a brief by *Stark & Sutherland*, and oral argument by *G. E. Sutherland.*

For the respondent there was a brief by *Fiebing & Killilea*, and oral argument by *O. J. Fiebing.*

TAYLOR, J. The learned counsel for the appellants claim that their first motion for judgment should have been granted, because, as it is claimed, that part of the special verdict which found against the plaintiffs' cause of action was wholly unsupported by the evidence, and for that reason the trial court should have rendered judgment upon the special verdict, without regard to the finding of the jury upon that question.

We think the trial court was right in denying the first motion, for the reason that the special verdict would not support a judgment for the plaintiffs, and because the plaintiffs did not, upon that motion, move to set aside so much of the special verdict as stood in the way of the plaintiffs' right of recovery. It is clear to us that a judgment should not be rendered which is in conflict with the special verdict, until such parts of the special verdict as are in conflict with the judgment rendered are set aside. It is claimed, however, by the learned counsel for the appellants that, if the court was satisfied that the findings in the special verdict which stand in the way of the plaintiffs' recovery are wholly unsupported by the evidence, it is the duty of the trial court to disregard such findings, and render judgment upon what remains of the special verdict, and upon such other facts as are established by the undisputed evidence in the case.

We do not think that the contention made by the learned counsel for the appellants is supported by the decisions of this court, and we find no authority in the decisions of other courts which sustains their contention. The utmost extent to which this court has gone in authorizing the trial courts to disregard the special verdict rendered by a jury, when such verdict is wholly unsupported by the evidence, is to set aside such verdict, and then, in its discretion, and not as an absolute duty, to enter judgment in accordance with the undisputed evidence in the case, or to set aside the verdict entirely and grant a new trial. *Gammon v. Abrams,* 53 Wis. 323, 326; *Schweitzer v. Connor,* 57 Wis. 177, 182; *McNarra v. C. & N. W. R. Co.* 41 Wis. 69; *Hutchinson v. C. & N. W. R. Co.* 41 Wis. 541; *Williams v. Porter,* 41 Wis. 422, 430; *Ward v. Busack,* 46 Wis. 407, 413; *Weisel v. Spence,* 59 Wis. 301; *Ault v. Wheeler & W. Mfg. Co.* 54 Wis. 300, 304; *Berg v. C., M. & St. P. R. Co.* 50 Wis. 419, 425; *Wright v. Fort Howard,* 60 Wis. 119.

Had the plaintiffs asked the court, upon their first motion, to set aside that part of the special verdict which stood in the way of the plaintiffs' recovery, and then to enter judgment in their favor for the amount of their claim, less the amount of the defendant's counterclaim, on the ground that the undisputed evidence showed that the plaintiffs were entitled to recover the whole amount of their claim, and the court had granted such motion, there would be just ground for the contention that this court, upon appeal from such judgment, would affirm the direction of the trial court, if we were satisfied that the trial court was right in holding that the undisputed evidence established the plaintiffs' claim. See cases above cited.

But in this case there are several reasons why this court will not, upon this appeal, direct the court below to enter the judgment asked for: *First.* The plaintiffs, by their first motion, did not ask to set aside any part of the special verdict. To enter judgment upon the verdict in favor of the plaintiffs would be to enter a judgment in conflict with the verdict. *Second.* Because the trial judge, upon such motion, refused to grant the judgment asked for, we cannot presume that upon such motion he was satisfied that the undisputed evidence showed that the plaintiffs were entitled to judgment for the whole amount of their claim. *Third.* Even though it appeared that the learned trial judge was of the opinion, upon such motion, that upon the undisputed evidence the plaintiffs ought to recover, yet, as the jury had found upon that question submitted to them the contrary, it was within his discretion either to direct judgment for the plaintiffs, or to grant a new trial in the case. See *Gammon v. Abrams*, 53 Wis. 323.

We are also of the opinion that the plaintiffs, if they ever had any right to have this court review the order made by the trial court upon their first motion, have waived such right by moving for and obtaining a new trial in the ac-

tion.   It seems to us inconsistent for the plaintiffs to ask for and obtain an order setting aside the verdict and granting them a new trial, and at the same time claim that no new trial should be had because they are entitled to judgment in their favor on the first trial.   We do not think this court should reverse an order asked for and obtained from the court below by the appellants themselves.

It is, however, insisted by the learned counsel for the appellants that they are not estopped from complaining that the trial court charged them with the costs of the former trial as a condition of granting a new trial in the action.

Ordinarily the question of costs upon granting a new trial is in the discretion of the trial court.   Exception is usually made when a new trial is granted on account of the misconduct of the jury in rendering a perverse verdict.   In this case the trial court has said that the verdict ought to be set aside and a new trial granted because the verdict *is wholly unsupported by the evidence.*   Without looking into the record for the purpose of ascertaining whether the learned judge is supported in his opinion, we think he was not justified, upon his theory of the case, in charging the costs of the former trial to the plaintiffs as a condition of the new trial.   If the plaintiffs made a clear case upon the first trial, and, by the perversity of the jury, they failed to obtain a verdict in their favor, there can be no justice in charging them with the costs of that trial in order to entitle them to a new trial.   *Baxter v. Payne,* 1 Pin. 505; *Emmons v. Sheldon,* 26 Wis. 648, 650; *Pound. v. Roan,* 45 Wis. 130; *Smith v. Lander,* 48 Wis. 587, 593; *Kayser v. Hartnett,* 67 Wis. 256; *Hodgson v. Barvis,* 2 Chit. 268. When a new trial is granted because the verdict is wholly unsupported by the evidence, we are of the opinion that, upon granting such new trial, the costs of the former trial should not be charged to the party obtaining the new trial, as a condition of granting such new trial.   A verdict of a

jury which is wholly unsupported by the evidence is clearly a perverse verdict; as much so as if rendered in direct violation of the law of the case as laid down by the court upon the trial of the action.

The appeal from the order refusing to render judgment in favor of the plaintiffs upon the verdict is dismissed. The right of the plaintiffs to appeal from that order was waived by their obtaining an order for a new trial. So much of the second order appealed from as sets aside the verdict and grants a new trial is affirmed. That part of such order which directs the plaintiffs to pay to the defendant the costs of the former trial is reversed. Each party will pay his own costs of this appeal, and the appellants will pay the fees of the clerk of this court.

*By the Court.*— Ordered accordingly.