J. & H. Clasgens Co. vs. Silber and another.

J. & H. Clasgens Company, Appellant, vs. Silber and another, Garnishees, Respondents.

*March 16 — April 10, 1894.*

*New trial: Discretion: Review: Judgment notwithstanding the verdict.*

1. An order granting a new trial will not be reversed unless it clearly appears that there was an abuse of discretion or that the order was based upon a misapprehension of the law.
2. An order granting a new trial cannot be held to have been an abuse of discretion where the motion therefor stated many specific grounds besides " other errors, irregularities, and insufficiencies," and it does not appear upon what particular ground the order was based.
3. Where the trial court, in the exercise of its discretion, after setting aside a verdict has ordered a new trial instead of entering judgment in accordance with the undisputed evidence, this court, on appeal, cannot direct the entry of such a judgment.

| | |
|---|---|
| 87 | 357 |
| 89 | 48 |
| 87 | 357 |
| s93 | 580 |
| 87 | 357 |
| 96 | 257 |
| 87 | 357 |
| 108 | 111 |
| 87 | 357 |
| 109 | 576 |
| 87 | 357 |
| 110 | ¹530 |
| 87 | 357 |
| 112 | 201 |

APPEAL from the Superior Court of *Milwaukee* County. On June 25, 1890, Henry Hyman, a sole trader in business, gave his judgment note to *Marcus Silber* for $6,000. On June 26, 1890, he gave another judgment note to *Louis Silber* for $4,000. On April 16, 1891, Henry Hyman took his son, J. C. Hyman, in partnership with him, and J. C. then indorsed said notes. On July 21, 1891, H. and J. C. Hyman gave to *Louis Silber* a note for $932.60. On September 19, 1891, H. and J. C. Hyman transferred all their book accounts to *Marcus* and *Louis Silber*, to apply on said notes given in June, 1890, and also gave a note of nearly $1,500, upon which judgment was entered September 21, 1891. On September 21, 1891, Marshall & Ilsley's Bank entered up judgment notes in their favor, against H. and J. C. Hyman, for over $10,000, and issued execution thereon, and levied upon their stock of goods.

On September 24, 1891, the plaintiff commenced two actions against H. and J. C. Hyman, and garnished *Marcus*

and *Louis Silber*.   *Marcus* and *Louis Silber* answered each of said garnishee suits, denying each and all liability. Plaintiff took issue in each of said suits.   On November 10, 1891, the two suits were consolidated.

Afterwards said issue with the garnishees came on for trial, and at the close of the trial the jury returned a special verdict to the effect that the value of the property conveyed to *Marcus* and *Louis Silber* by H. and J. C. Hyman was $8,600; that the total indebtedness of H. and J. C. Hyman to *Marcus* and *Louis Silber*, September 19, 1891, was $6,000 to *Marcus*, and nothing whatever to *Louis;* that the value of the property conveyed by H. and J. C. Hyman to *Marcus* and *Louis Silber* exceeded the amount of their indebtedness; that H. and J. C. Hyman, at the time of the transfer to *Marcus* and *Louis*, were insolvent and unable to pay their debts, to the knowledge of *Marcus* and *Louis Silber;* that such indebtedness to *Marcus* at the time of such transfer was *bona fide*, but not as to *Louis;* that such transfer by H. and J. C. Hyman was made to *Louis* with the intent to hinder, delay, or defraud their creditors (but not as to *Marcus*), to the knowledge of *Louis* and *Marcus;* that, at the time of the formation of the copartnership, H. Hyman's property used in said business was transferred to such copartnership, and that in consideration thereof the copartnership assumed H. Hyman's indebtedness in, for, or on account of such business, including the indebtedness of H. Hyman to *Marcus* and *Louis Silber;* that the plaintiff's claim against H. and J. C. Hyman, at the time of the service of such garnishee processes, was $5,758.16.

From an order denying the plaintiff's motion for judgment on such special verdict or notwithstanding the same, and granting the defendant's motion to set aside said verdict and grant a new trial, the plaintiff appeals.

For the appellant there was a brief signed by *Williams & Robinson*, and a supplemental brief signed by *Williams*

*& Friend* and *Williams & Robinson,* and the cause was argued orally by *O. T. Williams.*

For the respondents there was a brief by *Rose & Bell,* and oral argument by *A. W. Bell.*

CASSODAY, J.   The rule is firmly settled by repeated decisions that the granting of a new trial is very much in the discretion of the trial court, and that its order granting the same will not be reversed unless there clearly appears to have been an abuse of discretion. *Schillinger v. Verona,* 85 Wis. 595, and cases there cited.   The only exception to this rule is where it affirmatively appears upon the record that such order was based upon a misapprehension of the law. *Ibid.*   The case at bar is not within the exception.   The motion to set aside the verdict and for a new trial was based upon the records, pleadings, and proceedings in the action, and upon the minutes of the court, and stated eleven specific reasons for granting such motion, to the effect that the verdict, and particularly certain portions thereof, were unsupported by the evidence and contrary to law; that certain of the findings were inconsistent; that proper evidence had been rejected and improper evidence admitted; that improper instructions had been given and proper instructions refused; and for "other errors, irregularities, and insufficiencies." The particular ground upon which the court set aside the verdict and granted a new trial does not appear from the order appealed from, nor otherwise in the record.   Such being the state of the record, it is very obvious that we cannot say that there was an abuse of discretion in granting the new trial.

Error is assigned because the trial court refused to render judgment in favor of the plaintiff, regardless of the special verdict.   Certainly, that court would not have been justified in rendering judgment in conflict with any such findings of the jury as were sustained by the evidence.

The utmost extent to which this court has gone in authorizing the trial court to disregard a special verdict wholly unsupported by the evidence is to set aside such verdict, and then in its discretion, but not as an absolute duty, to enter judgment in accordance with the undisputed evidence, *or*, as here, to set aside the verdict entirely and grant a new trial. *Schweickhart v. Stuewe*, 75 Wis. 160; *Gammon v. Abrams*, 53 Wis. 323; *Munkwitz v. Uhlig*, 64 Wis. 388, 389; *Annas v. M. & N. R. Co.* 67 Wis. 60. But this court, in the exercise of its appellate jurisdiction, has no such discretionary authority as thus possessed by the trial court.

*By the Court.*— The order of the superior court of Milwaukee county is affirmed.