HENBEST, Respondent, vs. CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY, Appellant.

*January 12—February 9, 1926.*

*Railroads: Farm crossings: Under-crossing used for forty years: Presumption of grant: Closing or materially changing crossing.*

1. Recognition by a railroad company of the right of a landowner to use an under-crossing for nearly forty years raised a strong presumption that such right arose out of a grant by the railroad company to the owner of the land.  p. 143.
2. The railroad, being required by sec. 192.48, Stats., to supply the owners of the farm with "suitable and convenient farm crossings," and not having questioned the right of the present

owner and his predecessors to use a certain crossing, which was suitable and convenient, for nearly forty years, had no right to close or materially change such crossing. p. 144.

3. The fact that there are other farm crossings on the farm does not give the railroad company the right to close or materially change the crossing here involved. p. 144.

APPEAL from a judgment of the circuit court for Rock county: GEORGE GRIMM, Circuit Judge. *Affirmed.*

The railroad of the appellant divides the farm owned and occupied by the plaintiff. Ever since the railroad was constructed in 1887, plaintiff and his predecessors in title have used an opening under a pile and timber trestle constructed on plaintiff's farm in passing from one portion of the farm to the other with teams, farm machinery, and loads of farm crops. A well defined roadway under the trestle has existed for many years. The natural drainage of water is not under this trestle, although in a hard rain water does flow through this opening. Ever since the railroad was completed it has so maintained its fences as to permit free and unobstructed use of this passageway by plaintiff and by his predecessors in title. In 1921 the railroad company supplied cinders to be used in filling the passageway under the track for the purpose of improving it for travel. When the company was rebuilding the trestle about 1895 or 1897, plaintiff's predecessor in title objected to the narrowing of the passageway, and the company recognized the rights of the owner of the farm by so replacing the trestle as to leave the same width of passageway underneath the track as that which had existed before repairs were made.

In 1924 the defendant company began the work of replacing the trestle with tile which was large enough to permit the passage of stock, but which would prevent the passage of teams, farm machinery, and loads of produce. This action was brought to restrain the defendant company from closing such opening and replacing the same with tile. The trial resulted in a finding that the plaintiff had a right of

way under the trestle by adverse possession, and judgment was entered enjoining the defendant company from interfering with the plaintiff's right to use such passageway. From that judgment the defendant company appealed.

For the appellant there were briefs by *H. J. Killilea* and *Rodger M. Trump,* both of Milwaukee, and *Nolan, Dougherty, Grubb & Ryan* of Janesville, and oral argument by *Paul N. Grubb.*

For the respondent there was a brief by *McGowan, Geffs & Fox* of Janesville, and oral argument by *E. D. McGowan* and *Harry S. Fox.*

STEVENS, J.   The maintenance of fences by the railroad so as not to interfere with the use of the passageway, the recognition by the railway company of the landowner's right to have the trestle rebuilt so as to preserve the original width of the passageway, the improvement of the road in this passageway with cinders supplied by the railway company and with gravel supplied by the owners of the farm, as well as the attempt of the railway company to secure plaintiff's consent to the change which it had started to make in this passageway, are.all significant facts which lead to but one conclusion, which is that those owning and occupying plaintiff's farm have had and the plaintiff now has the right to the unobstructed use of the passageway here in question.

Such recognition of this right for nearly forty years raised a strong presumption that. such right arose out of a grant by the railway company to the owner of this land. *Wollman v. Ruehle,* 100 Wis. 31, 34, 75 N. W. 425. Indeed, the testimony of Mr. Humphrey on cross-examination (hearsay, it is true, but in the record without objection) tends to establish the fact that this right was granted by express contract.

But even if the right did not arise out of an express grant, it was the duty of the railway company throughout the years that have passed since the railroad was built to supply the

owners of this farm with "suitable and convenient farm crossings." Sec. 192.48, Stats. The railway has met this duty throughout these years by supplying this crossing without questioning the right of the plaintiff and of his predecessors in title to use the same.

This is a case where an under-crossing is necessary in order to supply a suitable farm crossing. *State ex rel. Jacquith v. Wis. Cent. R. Co.* 123 Wis. 551, 555, 102 N. W. 16. As in the case just cited, the plaintiff does not seek to secure the construction of a new crossing, but only to continue the maintenance of one at the place selected when the road was built. It is apparent that plaintiff's farm has in the course of many years become adjusted to the use of this passageway. "Where the place has already been selected, and the railroad built with reference thereto (especially when an under-crossing), there remains only the question whether some such crossing is suitable and convenient for the use of the occupant, as these words are used in the statute." *State ex rel. Jacquith v. Wis. Cent. R. Co.* 123 Wis. 551, 555, 102 N. W. 16. There can be no question under the facts of this case that this passageway under its tracks is both a suitable and a convenient farm crossing. It having been supplied by the railway company and used by the occupants of this farm for nearly forty years, the railway company cannot now close it or materially change it and thereby deprive the plaintiff of the use of such a crossing as the statute gives him the right to enjoy.

The fact that there are other farm crossings on plaintiff's farm does not give the railway company the right to close or materially change the crossing here in question. *Grasse v. Milwaukee, L. S. & W. R. Co.* 36 Wis. 582, 585. Especially is this true in view of the fact that there is no proof that any other crossing on plaintiff's farm is either suitable or convenient. The only proof in the record leads to the contrary conclusion.

*By the Court.*—The judgment of the circuit court is affirmed.