STARKWEATHER, Respondent, vs. JOHNSEN, Appellant.

*September 1 — September 21, 1886.*

*Change of venue: Failure to transmit papers: Waiver.*

1. The failure to transmit the papers within twenty days after an order changing the place of trial is an irregularity which may be waived.
2. Notice of a motion for leave to amend a pleading, and a written offer of judgment, in the court to which the cause was sent, amount to a waiver of such irregularity and a submission to the jurisdiction of that court.

APPEAL from the Circuit Court for *Ashland* County.

The case is thus stated by Mr. Justice CASSODAY:

"This action was commenced in the circuit court for Portage county, and upon issue joined a trial was had, and a verdict rendered in favor of the plaintiff, which was set aside on motion of the defendant. Upon application of the defendant, and an affidavit of prejudice of the judge, the venue was ordered to be changed to the circuit court for Ashland county, October 5, 1885. That order was filed on that day with the clerk of the circuit court for Portage county, who on the same day, under the seal of the court, certified to the papers and records in the cause, and that

they were then.' transmitted to the circuit court of Ashland county.' The plaintiff's attorney testified that he paid the clerk's fees on the same day. As a matter of fact, the papers were not put in the express office to be carried to Ashland until October 28, 1885, and did not reach Ashland until October 30, 1885; and said clerk testified that his fees for such transmission were not paid until October 27, 1885.

" December 17, 1885, the plaintiff's attorneys served notice of trial of said cause in the circuit court for Ashland county, at the January term thereof for 1886, which service was admitted by the written indorsement of the defendant's attorneys 'thereon. December 19, 1885, the defendant's attorneys served on the plaintiff's attorney a proposed verified amendment to the answer, based upon the records, papers, and affidavits, with notice of a motion for leave to so amend such answer, to be made in the circuit court for Ashland county at the January term thereof for 1886, which motion papers were entitled in said last-mentioned court. December 19, 1885, the defendant's attorneys also served on the plaintiff's attorney a written notice, offering to allow the plaintiff to take judgment in said action against the defendant for $36, and interest thereon from the date of the contract described in the complaint, together with costs of suit, which notice was entitled in the circuit court for Ashland county.

" January 19, 1886, the defendant's attorneys objected to the trial of said cause by that court, and moved the circuit court for Ashland county for an order striking the cause from the calendar, and for the return of the papers therein to the clerk of the circuit court of Portage county, for want of jurisdiction and because the papers were not transmitted to Ashland county within twenty days from the time of making the order changing the venue. January 22, 1886, the court being sufficiently advised, and upon the papers and record stated, ordered that said motion to strike the

cause from the calendar be, and the same was thereby, denied. From that order the defendant appeals."

For the appellant the cause was submitted on the brief of *Raymond & Haseltine.*

*H. L. Eaton,* attorney, and *H. W. Lander,* of counsel, for the respondent.

CASSODAY, J. The papers in the cause not having been transmitted to the clerk of the circuit court for Ashland county within twenty days from the time of making the order changing the place of trial, and the time for such transmission not having been extended, such order would have been deemed vacated had the irregularity not been waived by the defendant. Sec. 2627, R. S. The defendant's subsequent notice of motion in the circuit court for Ashland county for leave to amend his answer, and his written offer to allow judgment to be taken against him for a specified sum in that court, were, in our opinion, a waiver of such irregularity, and a submission to the jurisdiction of that court. *Montgomery v. Scott,* 32 Wis. 249; *Carpenter v. Shepardson,* 43 Wis. 406; *Maxwell v. Kennedy,* 50 Wis. 645. It is not claimed that the subject matter of the suit was such as to preclude that court from taking jurisdiction. The alleged want of jurisdiction was based wholly upon the mere failure to transmit the papers within the specified time. It was competent for the defendant to waive such an irregularity, and he did it effectually.

*By the Court.*— The order of the circuit court is affirmed.