ATKINSON and another, Respondents, vs. THE GOODRICH TRANSPORTATION COMPANY, Appellant.

*December 23, 1886 — June 1, 1887.*

*Appeal: Evidence, burden of proof.*

1. A refusal to set aside the finding of the jury upon a question of fact, which, upon the whole evidence, was a question for the jury, is not error.

2. Nor is it error to refuse an instruction as to what constitutes negligence, which ignores material facts in evidence bearing thereon.

3. Nor is it error to refuse to permit a question to be answered, the competency of which was not apparent, and which was not made competent by explanation as to its object.

4. Nor is it error to refuse to submit to the jury a question which, if answered, would not have definitely determined anything.

5. A judgment will not be reversed for the giving of an instruction that the defendant was bound to keep " constantly in use " on its boat the most approved machinery for preventing the spread of fire from its engine that could reasonably be obtained, where the court so explained those terms that the jury would understand them as relating only to such times and places as rendered it unsafe not to use it.

6. Nor for instructions as to the degree of care required of appellant, or as to the weight of the testimony of experts, where the verdict shows that the appellant was not prejudiced thereby.

7. In an action for injuries alleged to have been caused by negligence, the burden of proving the affirmative fact of defendant's negligence by a preponderance of evidence is upon the plaintiff, and his making out a mere *prima facie* case against the defendant does not cast upon the latter the burden of showing affirmatively that he was guilty of no contributory negligence, except in cases where the explanatory or exculpatory evidence is peculiarly within the possession of the latter; and an instruction that the burden of proof is so changed is an error, for which a judgment for plaintiff will be reversed, unless shown not to have prejudiced the defendant.

APPEAL frcm the Circuit Court for *Winnebago* County.
This is an action to recover for the loss of plaintiff *Atkinson's* house and other property in the city of Green Bay by a fire, alleged to have been caused by the negligence of the

defendant corporation in not providing its steamboat with proper spark-arresters, as required by a city ordinance, and by the negligence and unlawful acts of the defendant's employees in charge of such steamboat, in running it near the shore while emitting large quantities of sparks which a prevailing high wind carried directly towards a planing-mill and other combustible buildings and materials on the shore of Fox river, and thus setting a fire thereto, which spread thence directly and proximately to said plaintiff's house. The insurance company, having paid a loss under its policy on said house, joins in the action by right of sub-rogation and of an assignment for that purpose. This is a second appeal, and the case is more fully stated in 60 Wis. 141. From a judgment for the plaintiffs the defendant appeals.

For the appellant there was a brief by *Ellis, Greene & Merrill,* and oral argument by *G. F. Greene* and *F. C. Winkler.* They contended, among other things, that the defendant was bound to use, not the "utmost care," as stated in the instruction to the jury, but only such care as was reasonable under all the circumstances, either in pro-viding or in operating machinery. *Read v. Morse,* 34 Wis. 318; *Kenworthy v. Ironton,* 41 id. 654; Wharton on Negl. sec. 67.

The burden of proof of the defendant's negligence was upon the plaintiffs, and their making a *prima facie* case did not shift it upon the defendant, but merely called upon it to rebut the case made. *Heinemann v. Heard,* 62 N. Y. 455; *Lamb v. C. & A. R. Co.* 46 id. 271; *Powers v. Russell,* 13 Pick. 69; *Delano v. Bartlett,* 6 Cush. 364; *Central Bridge Corporation v. Butler,* 2 Gray, 130; *Nichols v. Munsel,* 115 Mass. 567; *Wood v. C., M. & St. P. R. Co.* 51 Wis. 201; *Kirst v. M., L. S. & W. R. Co.* 46 id. 492; *Cummings v. Nat. Furnace Co.* 60 id. 603; *Steffen v. C. & N. W. R. Co.* 46 id. 262; *Hall v. State,* 8 Ind. 439; *Belate v.*

Atkinson and another vs. The Goodrich Transportation Co.

*State*, 36 Miss. 96; *People v. Ah Ki*, 20 Cal. 177; *Tourtelott v. Rosebrook*, 11 Metc. 460; *McCully v. Clarke*, 40 Pa. St. 399; Wharton on Negl. secs. 420, 421, 870.

The error in giving an instruction that the burden of proof was so shifted cannot be disregarded, unless shown to be harmless. *Prideaux v. Mineral Point*, 43 Wis. 526; *Nickerson v. Morin*, 3 id. 243; *Thacher v. Jones*, 31 Me. 528; *Beaver v. Taylor*, 1 Wall. 637; *Wardell v. Hughes*, 3 Wend. 418; *James v. Langdon*, 7 B. Mon. 193; *Richards v. Noyes*, 44 Wis. 613; *Pickett v. Crook*, 20 id. 358; *Simmons v. Putnam*, 11 id. 193; *Wilson v. Henry*, 40 id. 611.

For the respondents there was a brief by *C. W. Felker, Vroman & Sale* and *Lusk & Bunn*, and oral argument by *C. W. Bunn*. They contended, *inter alia*, that the instruction given as to the shifting of the burden of proof upon the defendant was correct. *Spaulding v. C. & N. W. R. Co.* 33 Wis. 582; *Kellogg v. C. & N. W. R. Co.* 26 Wis. 223; *Brusberg v. M., L. S. & W. R. Co.* 55 Wis. 106; Best on Evidence, secs. 267, 274; *Sheldon v. H. R. R. Co.* 14 N. Y. 218; *Curtis v. R. & S. R. Co.* 18 N. Y. 543; *Edgerton v. N. Y. & H. R. Co.* 39 N. Y. 227; *Mullen v. St. John*, 57 N. Y. 567; *N. Y., L. E. & W. R. Co. v. Seybolt*, 18 Am. & Eng. R. R. Cases, 162; *Smith v. St. P. C. R. Co.* 16 Am. & Eng. R. R. Cases, 310; *Shaw v. Gardner*, 12 Gray, 488; *Lewis v. Smith*, 107 Mass. 334; *Stokes v. Saltonstall*, 13 Pet. 181; *Railroad Co. v. Pollard*, 22 Wall. 342; *Cummings v. Nat. Furnace Co.* 60 Wis. 601; *Husen v. H. & St. J. R. Co.* 60 Mo. 226; *Burke v. L. & N. R. Co.* 7 Heisk. 451.

The following opinion was filed January 11, 1887:

TAYLOR, J. This case was before this court on a former appeal from a judgment in favor of the respondent, and the judgment was reversed for errors committed on the trial, and a new trial was ordered. See 60 Wis. 141. The nature

of the action is fully stated in the reported case, and need not be restated here. The case has been re-tried, and it is again brought here by an appeal by the defendant.

The learned counsel for the appellant assigned twelve causes for the reversal of the judgment. The first error assigned is the refusal of the court to set aside a finding of the jury that the steam-exhaust was not inside of the smoke-stack, when passing the place where the fire first kindled. This was clearly a question for the jury on the whole evidence, and this court cannot say that the circuit judge erred in not setting it aside.

The second error is an exception to the instructions of the court to the jury, as to the necessity of the defendant keeping in use on its boat the most approved machinery that could reasonably be obtained to prevent the fire from spreading from their engine. The only objection made to this instruction is that the court said such improved machinery "should be kept constantly in use." The use of the words "constantly in use," if understood as relating to all times and places, was clearly wrong, but, as explained by the court to the jury, they must have understood that such "constant use" related only to such times and places as rendered it unsafe not to use such machinery. We think the defendant could not have been prejudiced by the general use of the word "constantly," under the circumstances.

The third error assigned is that the court instructed the jury that the defendant was required to use the *utmost* care, in the use of all reasonable and proper means, with regard to the equipment and machinery of the steamboat, to prevent the escape of cinders and sparks. The use of the word "*utmost,*" if intended to convey the idea that more than reasonable care, under all the circumstances, should be used, was error. But this court has said that this language may mean no more than saying that the defendant should have used *reasonable care.* Whether the *utmost care* means rea-

sonable care depends upon the nature of the subject-matter referred to. If the subject-matter spoken of was the care necessary to be used in carrying fire about a powder mill, there certainly could be no error in saying that the *utmost care* should be used, as nothing less than that would be reasonable care. So there might be circumstances attending the running of a steamboat in a narrow river, where the shores are covered with combustible materials, in a very dry time, when the wind was blowing from the steamer directly upon such combustible matter, and which would be very likely to ignite if sparks were permitted to escape from the smoke-stack of the boat. In such case the utmost care to prevent the escape of such sparks would probably be no more than reasonable care. *Kellogg v. C. & N. W. R. Co.* 26 Wis. 223; *Read v. Morse*, 34 Wis. 315–318. If there was any error in this instruction, it could not have prejudiced the defendant, as the jury found that sufficient care had been used by the defendant in providing proper equipments and machinery for the boat.

The fifth error assigned is the refusal of the court to give an instruction "that, if the only danger arising from the sparks emitted by the steamer was the fact that there were shavings and rubbish about the mill and dock where the fire kindled, then the defendant was not guilty of negligence, though the persons in charge of the boat knew of the existence of such shavings and rubbish, and were not guilty of negligence in proceeding on their voyage." This point, stated somewhat differently, was decided against the defendant on the former appeal; and as it entirely ignores all questions as to the strength and direction of the wind at the time, and the dryness of the weather, we think there was no error in refusing the instruction.

The sixth error relates to the instruction of the court as to what weight the jury should give to the expert evidence. The instruction given was, we think, in accord with the rul-

ing of this court in the case of *In re Blakely*, 48 Wis. 305, and the case of *Head v. Hargrave*, 105 U. S. 45. As nearly all the expert evidence given related to the equipment of thé boat, and the jury found for the defendant on that question, the defendant could not have been prejudiced by it in any event.

The seventh error assigned is the rejection of the evidence offered by the defendant to show that this same boat had navigated the Chicago river, among the lumber yards of the city of Chicago, and had set no fires. We think the evidence was clearly inadmissible.

The eighth error assigned is the refusal to permit a witness to answer the following question: "What was being done, before this time that you got to McKing's store, by people in the vicinity of Cherry, Washington, and Walnut streets, with regard to the removal of property?" The pertinency of the question is not apparent on the face of it, and if, as the learned counsel for the defendant now claims, it was offered for the purpose of showing the direction of the wind at the time the fire was kindled, and to sustain the contention of the defendant on that point, he should have explained his offer at the time. Without any explanation, the court properly refused to permit the question to be answered.

The ninth error was the refusal to submit to the jury the question, "What was the nearest point to the planing-mill dock that the Oconto came upon her voyage on the day in question?" This question, if answered, would determine nothing definitely as to the negligence or want of negligence on the part of the defendant, and was properly excluded in the discretion of the trial court. See *Eberhardt v. Sanger*, 51 Wis. 72; *Jewell v. C., St. P. & M. R. Co.* 54 Wis. 610; *McLimans v. Lancaster*, 63 Wis. 603, 604.

The tenth, eleventh, and twelfth errors relate to the question of the contributory negligence of the defendant. We

think no competent evidence was excluded by the trial judge upon that point, and that there were no errors in his instructions to the jury thereon.

The fourth error assigned, and the one which was argued with great ability by the learned counsel for the respective parties at the hearing, presents, as we think, the only question of considerable difficulty in the case. It is alleged by the learned counsel for the appellant that a very grave error was committed by the trial judge in giving the jury the following instruction: "If the plaintiff has satisfied you, by a fair preponderance of the testimony, that the fire at the planing-mill was set by sparks or cinders from the smoke-stack of the steamboat Oconto, then the burden of proof is on the defendant to show that it employed all due care, according to the rule given you, for the prevention of mischief arising to the property of others by the emission of sparks and cinders, and that it used all reasonable and proper care in handling and managing the steamboat Oconto." This instruction presents very important questions, in two respects, at least: (1) Is the instruction correct in its first proposition? and, (2) If correct as to the first proposition, was the proposition correct that, when the plaintiffs have made out a mere *prima facie* case of negligence on the part of the defendant, then the burden of proof is cast upon the defendant to show that there was in fact no negligence on its part?

It is evident that the learned counsel for the plaintiffs did not try the case at the circuit upon the theory given to the jury by the learned trial judge in the instruction above quoted. From the record in the case it appears that the plaintiffs took the laboring oar, and introduced the evidence on their part to satisfy the jury, not only of the fact that the fire which ultimately destroyed *Mr. Atkinson's* house was kindled by a spark from the steamer Oconto, but of the further and material fact in the case that such fire

was kindled by the negligence of those in charge of her at the time,— and it is to be regretted that, after so trying the case, an instruction should have been requested and given to the jury in direct conflict with the course of those representing the plaintiffs during the trial. That this instruction, standing by itself, is clearly erroneous is, we think, apparent.

Under the circumstances attending the destruction of the house of *Mr. Atkinson*, the mere fact that sparks from the steamer kindled the fire at the dock did not make out a *prima facie* case against the defendant. On the former appeal this court reversed the judgment against the defendant, among other things, because the court refused to instruct the jury that, in order to enable the plaintiffs to recover, " the jury must find that, while the boat was passing the planing-mill, it was reasonable to expect that sparks, cinders, or coals from the smoke-stack would cause the destruction of *Atkinson's* house," and also because the court refused to submit to the jury the following questions : " Was the burning of *John Atkinson's* house the natural result of the burning of the planing-mill ? " and " Was it reasonable to expect, when the boat passed the planing-mill, that fire from the smoke-stack would set fire to the planing-mill ? " It was also said in that case (page 167) that " whether running up the harbor of Green Bay with a steamer so equipped and managed as to emit a large quantity of sparks from the smoke-stack was negligence in law, would depend upon the attendant circumstances, the state of the weather, the direction and force of the wind, and the distance of the boats from the buildings upon the shores." Now it seems to us that the instruction complained of takes all the attending circumstances from the jury, and says to the jury, " If you find from the evidence that a spark from the steamer kindled the fire at the planing-mill, then plaintiffs have shown, not only carelessness on the part of the defendant, but that the defendant

had reasonable cause to expect that such fire might be kindled from the sparks emitted from the smoke-stack, no matter what the state of the weather, the direction of the wind, or the distance the steamer was from the planing-mill when passing it; and not only that, but that the defendant had reason to expect that when the boat passed the planing-mill sparks from the smoke-stack would set fire to the mill, and that such fire so set might destroy the plaintiff's house." In a case of this kind, we think that no such presumption of negligence can arise, from the mere fact that a spark from the steamer set fire to the planing-mill, as should entitle the plaintiff to recover in the action, and should not even put the defendant to give proof in explanation of the cause of the fire.

We are also of the opinion that if, upon the facts stated in the instruction, the plaintiffs had made out a *prima facie* cause of action against the defendant, such as would have entitled them to a verdict if no evidence had been given by the defendant, it was error to charge that the burden of proof was thereafter upon the defendant to show affirmatively that it was guilty of no negligence.

In the first place, the plaintiffs, by the complaint, charge negligence against the defendant as their substantive cause of action, and the pleadings are so made up that the plaintiffs must assume the affirmative of the issue on the question of actionable negligence. The defendant, upon the pleadings, denies the charge of negligence. Negligence being an affirmative fact, necessary to be proved by the plaintiffs who allege it, the universal rule is that the plaintiffs must prove the fact by a preponderance of the evidence. And they cannot change the rule as to the burden of proof by simply giving evidence which, if wholly uncontroverted, would entitle them to a verdict.

Take the case of an action on a promissory note. Under the old rule, when the note itself was not evidence of its

execution by the defendant, and by his answer the defendant denied its execution, or, under the present law, the defendant, by his answer under oath, denies the execution, the affirmative to prove the execution would be upon the plaintiff; nor could he shift that burden as to the entire issue by simply putting a single witness on the stand, who should testify that he knew the handwriting of the defendant and believed the signature to the note was his; and yet that evidence, if no other were offered in the case, would entitle the plaintiff to a verdict. Yet, in such a case, it is very clear that if, when the evidence was all in, it did not·preponderate in the plaintiff's favor, it would be the duty of the court to instruct the jury that the plaintiff could not recover.

It seems to us that there is still greater reason for holding to the rule that the burden of proof is on the part of the plaintiff, who can only sustain his action by showing the defendant guilty of some wrongful or negligent act or acts, and cannot be shifted to the defendant by the order in which the plaintiff chooses to present his evidence on the trial.

The only exception to this rule, if there be any, is when all the evidence which tends to rebut the presumption of negligence, arising from the facts shown by the plaintiff, is peculiarly within the knowledge of the defendant, or those in his employ. In the case at bar, the facts upon which the plaintiffs recovered in the action were as much within the knowledge of other persons as of those in the employ of the steamboat company. The direction and force of the wind, the extreme dryness of the season, the combustible things upon the shore, the distance the boat was from the shore, the fact whether sparks and cinders were thrown from the smoke-stack, as well as the fact whether the steam-exhaust was within or without the smoke-stack, were all equally within the knowledge of persons not connected

with the steamboat, and the findings upon these material questions were found in favor of the plaintiffs, almost wholly upon the testimony of persons not connected with the management of the boat.

These facts do not present a case where all the evidence which could explain the accident was particularly within the knowledge of the defendant or his servants. This case is not like the case of a railroad passenger seeking to recover for an injury sustained while on the defendant's train. In that case the defendant has contracted to carry him safely; and when the plaintiff has shown the train smashed by a collision, the breaking of the machinery, or the falling of a bridge, the plaintiff's case is made out; and, in order to defeat the plaintiff's action, the company must show affirmatively that the failure to carry the passenger safely was not its fault. So with the carrier of goods. His contract is to carry them safely, and deliver them in good order; and when it is shown that they were not carried safely, or delivered in good order, the plaintiff has made his case; and, if the defendant does not controvert the fact that the goods were not carried safely, or delivered in bad condition, he takes the burden of showing why they were not so carried and delivered. In all cases of this kind the rule that it is for the party who has the evidence peculiarly in his hands to explain the difficulty applies, as well as the rule that the affirmative of the issue upon the matter of excusing the default is with the defendant.

In the *Nitro-glycerine Case*, 15 Wall. 537, the supreme court of the United States say: "A party who charges negligence as a ground of action must prove it. He must show that the defendant, by his act or by his omission, has violated some duty incumbent upon him which has caused the injury complained of." "The cases between passengers and carriers for injuries stand upon a different footing. The contract of the carrier being to carry safely, the proof of

the injury usually established a *prima facie* case which the carrier must overcome. His contract is shown, *prima facie* at least, to have been violated by the injury. Outside of these cases in which a positive obligation is cast upon the carrier to perform safely a special service, the presumption is that the party has exercised such care as a man of ordinary prudence and caution would exercise under similar circumstances, and, if he has not, the plaintiff must prove it." This statement as to the necessity of the plaintiff making proof of the defendant's negligence, or omission of some duty he owes to the plaintiff, in an action grounded upon the negligence of the defendant, is not inconsistent with those cases which hold that the negligence of the defendant may be shown by proof of the accident itself. These cases go upon the ground that the act which caused the injury presumably would not have happened had the defendant been in the exercise of ordinary care at the time. See *Kirst v. M., L. S. & W. R. Co.* 46 Wis. 489–492; *Cummings v. National Furnace Co.* 60 Wis. 603; and cases cited in the last case. Nor do these cases hold that, because the negligence may be proved by the character of the accident, the burden of proof to show that there was no negligence is cast upon the defendant on the whole case. They simply go to the extent of holding that, in the absence of other proofs, the plaintiff may recover upon the proof made by him.

In *Tarbox v. Eastern Steamboat Co.* 50 Me. 345, the court say: "The burden of proof does not shift from the party upon whom it was originally thrown, upon the production of evidence sufficient to make out a *prima facie* case, unless the other party defends under a new and distinct proposition, having no connection with the fact attempted to be sustained on the other side. If the result of the case depends upon the establishment of the proposition on whom the burden was first cast, the burden remains with him

throughout, though the weight of evidence may be on one side or the other, according as each may from time to time have introduced fresh proof." *State v. Flye*, 26 Me. 312. This case, we think, states the true rule; and, if any departure from it is permitted in practice, such departure should be restricted carefully to those cases where the explanatory evidence is peculiarly within the possession of the party charged with the wrong which is the foundation of the action. The above case, and the following, cited by the learned counsel for the appellant, satisfactorily establish the rule that the party holding the affirmative in an action founded upon a charge of negligence of the other party, must establish such negligence by a preponderance of the evidence, and that the burden of proof is not cast upon the opposite party, when the plaintiff has made out a *prima facie* case, and that, when all the evidence is produced, the plaintiff must recover upon the strength of his case, and not upon the weakness of the defense: *Lamb v. C. & A. R. & T. Co.* 46 N. Y. 271; *Heinemann v. Heard*, 62 N. Y. 448; *Heilman v. Lazarus*, 90 N. Y. 672; *McCully v. Clarke*, 40 Pa. St. 399; *Powers v. Russell*, 13 Pick. 69; *Tourtellott v. Rosebrook*, 11 Metc. 460; *Delano v. Bartlett*, 6 Cush. 364; *Central Bridge Corp. v. Butler*, 2 Gray, 130; *Bacon v. Rogers*, 8 Allen, 146; *Robinson v. F. & W. R. Co.* 7 Gray, 94; *Nichols v. Munsel*, 115 Mass. 567; *Morrison v. Clark*, 7 Cush. 213–215; *Brown v. King*, 5 Metc. 173; *State v. Patterson*, 45 Vt. 308; 1 Best, Ev. § 273; *Wood v. C., M. & St. P. R. Co.* 51 Wis. 201; *Steffen v. C. & N. W. R. Co.* 46 Wis. 262; Whart. Neg. §§ 420, 421, 870; 2 Thomp. Neg. p. 1272, § 3; *Lockwood v. C. & N. W. R. Co.* 55 Wis. 63, 64.

For the reasons above stated, we think the instruction was erroneous. Nor do we think that, in a case of this character, involving such important consequences to the defendant, and where the right of the plaintiff is not so clearly apparent upon the whole evidence as to satisfy us

that the verdict must have been in any event in his favor, we can say that the error did not prejudice the defendant with the jury, although, in a subsequent part of his instructions to the jury, the learned trial judge gave the proper instructions upon the burden of proof in the following language: " The burden of proof is upon the plaintiff to show that the defendant has been guilty of negligence; and the plaintiff must prove, by a preponderance of credible evidence, that the defendant, by its acts or its omissions, has caused the injury complained of; " and then, after giving a definition of what negligence is, the learned judge said: " Even if the loss to the plaintiff resulted from sparks from the defendant's ·steamer, that fact alone is not sufficient to render the defendant liable.   The presumption is that the defendant has exercised such care as men of ordinary prudence and caution would exercise under similar circumstances; and, if the defendant is charged with the want of such ordinary care, it is incumbent on the plaintiff to prove such want of care by a preponderance of credible evidence, in order to render the defendant liable."   The instructions given to the jury seem to be inconsistent, to some extent at least; and, as we are unable to tell whether the jury acted upon the erroneous or the proper instructions, we cannot say that the defendant was not prejudiced by the erroneous ones.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded for a new trial.

Upon a motion for a rehearing, it was urged by the respondents that the court had misunderstood the facts; and that the instruction actually given to the jury in effect imposed upon the plaintiff the burden of proving that the setting fire to the planing-mill, was the proximate cause of the injury to the plaintiff.

For the appellant it was argued that the proximity of an

injury to its cause does not affect the burden of showing that the cause was negligence.

The motion was denied June 1, 1887.