Keller vs. The Town of Gilman.

KELLER, Respondent, vs. THE TOWN OF GILMAN, Appellant.

*May 21 — June 11, 1897.*

*Appeal: Order granting new trial: Record: Failure to perfect appeal before judgment.*

| 96 | 445 |
|---|---|
| 100 | 282 |
| 96 | 445 |
| 104 | 423 |
| 96 | 445 |
| 105 | 386 |
| 105 | 621 |
| 96 | 445 |
| 108 | 196 |

1. An order granting a new trial does not necessarily affect the judgment within the meaning of sec. 3070, R. S., allowing intermediate orders and determinations which involve the merits and necessarily affect the judgment to be reviewed upon appeal, whether excepted to or not, where they appear upon the record. Such an order, and the matter upon which it is founded, does not therefore become a part of the record, and cannot be reviewed on appeal from the judgment rendered on the second trial unless incorporated into the bill of exceptions.

2. A party loses his right to appeal directly from an order granting a new trial by failing to perfect his appeal before judgment is rendered on the verdict given on the second trial, in which both parties participated.

Keller vs. The Town of Gilman.

APPEAL from a judgment of the circuit court for Pierce county: A. J. VINJE, Judge. *Affirmed.*

The plaintiff brought an action to recover damages against the defendant town, for injuries she had received while traveling on one of its public highways, and upon trial before a jury the defendant had a verdict in its favor. The plaintiff moved, upon the minutes of the court, for various reasons, to set aside the verdict and for a new trial. The court granted the motion without the imposition of costs, but the record fails to show upon what ground. The defendant did not appeal from the order. Upon a second trial the plaintiff had a verdict and judgment for $150 and costs, from which the defendant appealed. There is no bill of exceptions containing the minutes of the court on either trial, but there was a statement, signed by the trial judge, in the return, showing that a new trial was granted on account of the exclusion of evidence which he subsequently concluded should have been admitted.

*W. F. McNally,* for the appellant.

For the respondent there was a brief by *A. P. Weld* and *Ray S. Reid,* and oral argument by *Mr. Reid.*

PINNEY, J. The defendant seeks, on this appeal from the final judgment, to obtain a review, under R. S. sec. 3070, of the order setting aside the first verdict and granting a new trial, and a consequent reversal of the judgment rendered on the second trial as erroneous, the effect of which would probably be to restore the first verdict and entitle it to judgment thereon. Under the section referred to, upon an appeal from a judgment, the court "may review any intermediate order or determination of the court below, which involves the merits and *necessarily affects the judgment,* appearing upon the record transmitted or returned from the circuit court, whether the same were excepted to or not; nor shall it be necessary in any case to take any excep-

Keller vs. The Town of Gilman.

tion or settle any bill of exceptions, to enable the supreme court to review any alleged error, which would, without a bill of exceptions, appear upon the face of the record." The statement of the trial judge of the ground upon which the new trial was granted, though properly transmitted with the return, is no part of the record upon or in respect to which error may be assigned. The defendant had lost its right to appeal directly from the order granting a new trial, by failing to perfect such appeal before judgment was rendered on the verdict given on the second trial, and in which both parties participated. *Victor Sewing Machine Co. v. Heller*, 41 Wis. 657. The judgment appealed from rests upon the pleadings and the verdict in favor of the plaintiff, and we think that it cannot be said that the order granting a new trial "necessarily affects the judgment" appealed from. It is therefore no part of the record, and not reviewable on appeal from the judgment, unless the order and the matter on which it was founded were made a part of the record by a bill of exceptions. The case of *Donkle v. Milem*, 88 Wis. 33, 37, 38, and cases there cited, is conclusive on the point. It was there held that "mere interlocutory motions and orders, not involving the merits and *necessarily* affecting the judgment appealed from, are no part of the record or judgment roll for the purposes of an appeal from the judgment, unless made so by a bill of exceptions."

The defendant should have settled a bill of exceptions, making such former order, and the minutes of the court upon which it was founded, a part of the record. For the want of such bill, we are unable to notice the points assigned to show that the order granting the new trial was erroneous.

*By the Court.*— The judgment of the circuit court is affirmed.