Becker vs. Holm.

BECKER, Assignee, Appellant, vs. HOLM, imp., Respondent.

*May 27 — June 23, 1898.*

*New trial: Perverse verdict: Terms: Review on appeal: Opinion of trial court.*

1. A verdict wholly unsupported by evidence which the jury had a right to believe is perverse, and a new trial may be granted without the imposition of costs as terms.
2. Where an opinion filed by the trial court upon granting a motion for a new trial is included in the bill of exceptions, the reasons assigned are before this court for consideration in determining the correctness of the order.

APPEAL from a judgment of the circuit court for Eau Claire county: E. B. BUNDY, Judge. *Affirmed.*

Action to recover $2,000 as the purchase price of a steamboat alleged to have been sold by plaintiff to defendants. Each defendant interposed a separate answer. The verdict was rendered for the full amount claimed, which was set aside on motion as to defendant *Holm,* and a new trial granted, no reason being stated in the order, though the reason given in an opinion filed is that the verdict was unsupported by the evidence. Plaintiff duly excepted to the order. On the case coming on again for trial, plaintiff neglected to further prosecute, and thereupon a nonsuit was granted and judgment for costs rendered in favor of *Holm,* from which this appeal was taken.

The cause was submitted for the appellant on the brief of *Doolittle & Shoemaker,* and for the respondent on that of *Wickham & Farr.*

To the point that the opinion had no place in the judgment roll or on the records of the court, and should not be considered for any purpose, counsel for the appellant cited *Pollatschek v. Goodwin,* 40 N. Y. Supp. 682, 17 Misc. (N. Y.), 587; *Schmidt v. Livingston,* 45 N. Y. Supp. 915, 20

Misc. (N. Y.), 324; *Case v. Hoffman, post,* p. 314; Freeman, Judgments (4th ed.), §§ 249–258; *Williams v. Williams,* 63 Wis. 58–71; *Braun v. Wis. Rendering Co.* 92 id. 245.

MARSHALL, J. The sole question for consideration on this appeal is, Did the trial court err in setting aside the verdict as to respondent *Holm,* and granting a new trial, without the imposition of costs as terms? That turns on what ground the court acted upon in the matter; if merely because the verdict was contrary to the evidence, then the order was erroneous; if because the verdict was perverse, that is, substantially dishonest, the order was properly granted. *Smith v. Lander,* 48 Wis. 587; *Pound v. Roan,* 45 Wis. 129. No reason for the order is stated therein; therefore, looking to it alone, the presumption is that the verdict was deemed by the trial court against the weight of evidence. *Schraer v. Stefan,* 80 Wis. 653; *Garny v. Katz,* 86 Wis. 321. But there is a bill of exceptions, regularly settled, which properly includes the opinion filed by the judge in granting the motion, in which it is stated distinctly that his conclusion was that there was no evidence to support the verdict. The reason thus assigned for the order is before us for consideration as much as the order itself and exception thereto. Without a bill of exceptions, such order could not be reviewed, as it is not one involving the merits and necessarily affecting the judgment, and reviewable as a part of the record, without being made such by inclusion in a bill of exceptions duly settled. *Keller v. Gilman,* 96 Wis. 445. So the question first stated comes down to this: Is a verdict to be deemed perverse because there is no evidence to support it which the jury had a right to believe? That was decided in the affirmative in *Schweickhart v. Stuewe,* 75 Wis. 157, where the court said, in effect, a verdict wholly unsupported by the evidence must be deemed to have been

rendered by the perversity of the jury, and the trial judge, in setting it aside and granting a new trial, is not justified in charging the costs of the former trial to the moving party.

We are unable to say, from an examination of the record, that the trial court was clearly wrong in his conclusion that there was no evidence to sustain the verdict, hence the judgment appealed from must be affirmed.

*By the Court.*— Judgment affirmed.