BONNELL, Respondent, vs. CHICAGO, ST. PAUL, MINNEAPO-LIS & OMAHA RAILWAY COMPANY, Appellant.
SAME, Appellant, vs. SAME, Respondent.

*May 21—October 6, 1914.*

*Appeal: Review: Order granting new trial: Bill of exceptions: Witnesses: Experts: Qualification: Opinion evidence: Railroads: Fires: Spark arresters: Special verdict: Form: Burden of proof: Instructions to jury: Harmless errors: Double damages: Statute construed: "Negligence."*

1. An order made at the first trial of an action, granting plaintiff a new trial, is not reviewable upon an appeal by defendant from the judgment rendered on the second trial, where no bill of exceptions was settled within thirty days after notice of the entry of such order, and where an appeal directly from such order was dismissed for want of prosecution.
2. Under sec. 2876, Stats., to authorize a review of an order granting a new trial there must be a bill of exceptions settled within thirty days after service of a copy of the order with notice of entry thereof, unless an appeal is taken and such time extended upon good cause shown.
3. It was not improper to ask the general master mechanic of a great railway, who had served in that capacity for twenty years,

whether certain locomotive appliances were in common use, although his service had been confined to that one road.

4. The question whether, with a proper spark arrester on a locomotive in proper condition, a spark will get through and strike the ground at ignition temperature, is an *evidential detail* proper to be established by opinion evidence, and not an ulti- .mate issue of fact within the exclusive province of the jury.

5. In an action to recover for destruction of property by a fire set by sparks from a locomotive, a question in the special verdict as to whether the spark arrester on said engine was so constructed of iron or steel wires as to give the most practical protection against the escape of sparks, cinders, or fire from the smokestack, was proper in form, since it described and covered, substantially in the language of the statute, the duty imposed on railway companies.

6. Such question presented an inquiry proper for the consideration of the jury, a negative answer thereto being equivalent to a finding of negligence on the part of the company.

7. The jury having found that the spark arrester was defective and that this was a proximate cause of the injury complained of, a further finding that the engine was negligently operated was unnecessary to sustain a judgment for plaintiff; and an error in instructing the jury as to the burden of proof on that question was not prejudicial.

8. The statute having imposed upon railway companies the duty to equip their engines with a certain described safety appliance, which is necessarily in the interior or at the top of the smokestack and the construction and condition of which are peculiarly within the knowledge of the company, the burden of proof to show a compliance with the statute is upon the company.

9. In sec. 1494—58, Stats. (which authorizes recovery of double damages in actions for fires set by locomotive engines, if the fires occurred through "wilfulness, malice or negligence"), the word "negligence" is qualified or modified by the associated words and means such negligence as carries with it an element of wilfulness or malice,—in other words, gross negligence.

WINSLOW, C. J., and BARNES and VINJE, JJ., dissent.

APPEALS from a judgment of the circuit court for Douglas county: FRANK A. ROSS, Circuit Judge. *Affirmed.*

For the defendant there was a brief by *R. L. Kennedy* and *Luse, Powell & Luse,* attorneys, and *James B. Sheean,* of

counsel, and oral argument by *Mr. L. K. Luse* and *Mr. Kennedy.*

*W. R. Foley* and *W. M. Steele,* for the plaintiff.

The following opinion was filed June 17, 1914:

TIMLIN, J. This cause was tried in June, 1912, and a verdict returned for defendant. On motion of the plaintiff this verdict was set aside and a new trial granted because of instructions given which the trial court upon reflection deemed erroneous. An appeal was taken by defendant to this court from the order granting a new trial. This appeal was by order of this court, on motion of the plaintiff, dismissed for want of prosecution on January 28, 1913. The parties thereafter went to trial a second time, and upon the latter trial a special verdict was returned finding that the fire which destroyed plaintiff's property was caused by sparks or cinders emitted from defendant's engine No. 256; that the spark arrester upon said engine was not so constructed of steel or iron wires as to give the most practical protection against the escape of sparks, cinders, or fire from the smoke-stack. This failure to so equip the engine was a proximate cause of the destruction of plaintiff's property by fire. The defendant also failed to exercise ordinary care in the operation of said engine when passing plaintiff's property on the occasion in question, which was also a proximate cause of the destruction of plaintiff's property. Plaintiff did not by any failure to exercise ordinary care proximately contribute to his injury. The value of the property on May 10, 1910, was $6,000, which with interest to the time of verdict amounted to $7,116. Judgment upon this verdict was rendered in favor of the plaintiff and defendant appeals from the judgment.

The first question to be determined is whether the order made at the first trial, granting plaintiff a new trial, is sub-

ject to review upon this appeal from the judgment in favor of plaintiff given on the verdict in the last trial, where no bill of exceptions was settled within thirty days from the notice of entry of such order and where an appeal from such order to this court has been taken and such appeal dismissed. We think not.

The time within which an appeal may be taken directly from an order is limited to thirty days from the date of the service of a copy of such order, with written notice of the entry of the same. Sec. 3042, Stats. If a bill of exceptions be proposed with a view to an appeal from an order, it must be served within thirty days after the service of a copy of such order and written notice of entry thereof. Sec. 2876, Stats. No such bill of exceptions was served or settled in this case. Upon an appeal from a judgment the supreme court may review any intermediate order or determination of the court below which involves the merits and necessarily affects the judgment, provided such order appears upon the record transmitted or returned from the circuit court. The order in question made in the first trial is not such an order. It does not involve the merits of the judgment appealed from or necessarily affect that judgment. The evidence may be entirely different in the second trial. The defendant, by failing to settle a bill of exceptions from the order, by submitting to the dismissal of its first appeal by this court and proceeding to trial and taking its chances on the second trial, is in no position to now present for review in this court the order made in the first trial granting plaintiff a new trial. Questions closely related to this have been considered several times by this court. For example, after serving an amended complaint the plaintiff cannot appeal from the order sustaining a demurrer to the original complaint. *Hooker v. Brandon,* 66 Wis. 498, 29 N. W. 208; *S. C.* 75 Wis. 8, 43 N. W. 741. One who obtains an order granting a new trial thereby waives the right of appeal from a previous order denying his

motion for judgment made upon the ground that the verdict is contrary to evidence. *Schweickhart v. Stuewe,* 75 Wis. 157, 43 N. W. 722. After the time for appealing has expired, a bill of exceptions should not be settled upon an order granting a new trial. *Nelson v. A. H. Stange Co.* 140 Wis. 657, 123 N. W. 152; *Shafer v. Eau Claire,* 105 Wis. 239, 81 N. W. 409. See, also, *Maxwell v. Kennedy,* 50 Wis. 645, 7 N. W. 657; *Starkweather v. Johnsen,* 66 Wis. 469, 29 N. W. 284; *Kayser v. Hartnett,* 67 Wis. 250, 254, 30 N. W. 363.

It is true that in *Becker v. Holm,* 100 Wis. 281, 75 N. W. 999, an order of this kind was reviewed on appeal from the last judgment, but this point was not made, at least it is not noticed in the decision. The cumulative effect of the statutes and decisions above cited, taken with the dismissal of the appeal in this court, disposes adversely to the appellant of its claim to review upon this appeal the order made on a former trial of this case granting a new trial to respondent. The contrary rule would unnecessarily prolong litigation and would not be in harmony with the weight of authority outside of this state. 3 Cyc. 229 and cases cited in note 78. Indeed, we think our statute, sec. 2876, *supra,* contemplates that in all cases of an order granting a new trial there must be a bill of exceptions settled within thirty days after service of a copy of that order with notice of entry thereof, unless an appeal is taken and such time is extended upon good cause shown. We consider the verdict supported by evidence which need not be here detailed.

With reference to errors assigned upon rulings on evidence we find no serious or prejudicial error. It is not improper to ask a general master mechanic of a great railway, who has served in that capacity for twenty years for this one road only, whether certain locomotive appliances were in common use. His position must have brought such things to his knowledge although his services were confined to one road.

So also many of the questions objected to as invading the province of the jury were not, as argued, ultimate issues of fact, but evidential details proper to be established by opinion evidence; as, for example, the question: "Q. With a proper spark arrester in proper condition, state whether or not such a spark will get through and strike the ground at ignition temperature?" We cannot undertake to review all these rulings in detail; suffice it to say that most of such objections are extremely technical and most of the rulings were correct, and those which were doubtful or incorrect were not, in our opinion, prejudicial.

We see no objection to the form of the second question of the special verdict. It describes and covers substantially in the language of the statute the duty imposed upon the defendant by that statute. So we think the second question of the special verdict presented an inquiry proper for the consideration of the jury. The answer to this question was equivalent to a finding of negligence on the part of defendant. *Pizzo v. Wiemann,* 149 Wis. 235, 134 N. W. 899; *Leora v. M., St. P. & S. S. M. R. Co.* 156 Wis. 386, 146 N. W. 520; *Willette v. Rhinelander P. Co.* 145 Wis. 537, 130 N. W. 853; *Klatt v. N. C. Foster L. Co.* 97 Wis. 641, 73 N. W. 563; *Smith v. Milwaukee B. & T. Exch.* 91 Wis. 360, 64 N. W. 1041; *Martin v. W. U. R. Co.* 23 Wis. 437.

The fourth finding of the special verdict declared the defendant, at the time and place in question, also negligent in the operation of the engine. This finding is not necessary to uphold the judgment appealed from, for with the second finding and the finding of proximate cause relative thereto the liability of defendant is found.

It is contended that the instructions given by the learned circuit judge upon the second trial were erroneous and prejudicial and that certain instructions requested by defendant should have been given. The instructions were those appropriate to a special verdict in form; that is, each question of

the verdict was read to the jury and separate instructions given relative to that question. With reference to question 2, which inquired whether the spark arrester upon the engine in question was constructed of steel or iron wires so as to give the most practical protection against the escape of sparks, cinders, etc., from the smokestack thereof, as already said the question is framed upon the statute which imposes that duty upon the defendant. Sub. 1, sec. 1494—57. The locomotive did not burn oil as fuel, and it appears to have been operated in, through, or near forest, brush, or grass land. In fact, it would be very difficult to imagine a railroad which did not run in, through, or near forest, brush, or grass land. In the instructions relative to this second question the court said:

"I instruct you that the burden of proof is upon the defendant to satisfy you by a fair preponderance of the credible evidence, to a reasonable certainty, that said spark arrester upon said engine was so constructed of steel or iron wires as to give the most practicable protection against the escape of sparks, cinders, or fire from the smokestack, and unless the defendant has so satisfied you, by a fair preponderance of the credible evidence, to a reasonable certainty, that the spark arrester was in such condition, then you should answer the question 'No.' "

The court then instructed that if they were so satisfied they should answer the question "Yes," and that if the testimony should be evenly balanced on this issue and not preponderate either way they should answer the question "No." Here was a case where the statute required the defendant to use a certain safety appliance described in the statute and in this question. This appliance is necessarily in the interior or at the top of the smokestack, and its construction and condition are peculiarly within the knowledge of defendant and outside that of plaintiff. In such case the burden of proof to show a compliance with this statute is upon defendant. *Spaulding v. C. & N. W. R. Co.* 30 Wis. 110; *S. C.* 33 Wis. 582; *Mc-*

*Cullen v. C. & N. W. R. Co.* 101 Fed. 66; 13 Am. & Eng. Ency. of Law (2d ed.) 497 *et seq.*

Question 4 of the special verdict related to care in operating the engine. After defining ordinary care the court instructed the jury with reference to this question:

"If you find that the fire was set by a spark emitted from the locomotive, then I instruct you that the burden of proof is upon the defendant to satisfy you by a fair preponderance of the credible evidence to a reasonable certainty that its servants in charge of and operating said engine exercised ordinary care and skill in its management and operation while passing or in the vicinity of the property of the plaintiff which was destroyed by fire. If the evidence, in your opinion, is evenly balanced, or preponderates in favor of the plaintiff, provided you have found that the fire originated from a spark emitted by engine 256, then you should answer this question 'No;' but if you are satisfied by a fair preponderance of the credible evidence that said employees of the defendant, at said time, were not in the exercise of ordinary care, then you should answer this question 'Yes.' "

There is evidently some confusion here. After having instructed the jury that the burden of proof was upon the defendant in the event mentioned, the court further informed the jury that if the evidence was evenly balanced or preponderated in favor of the plaintiff they should answer this question "No;" that is, that the defendant did not fail to exercise ordinary care. He then added that if they are satisfied by a fair preponderance of the credible evidence that the employees of the defendant at said time were not in the exercise of ordinary care, they should answer the question "Yes." This last may be understood to mean that it required a preponderance of the credible evidence to establish want of ordinary care. The first throws the burden of proof upon the defendant, and the last two propositions throw the burden of proof on the plaintiff with reference to the answer to the fourth question. I assume that the printed case is correct. This instruction seems contradictory. The jury answered the

question in the affirmative. The question to which the instruction relates is not necessary to support the judgment. We regard the error as nonprejudicial. *Ill. S. Co. v. Paczocha,* 139 Wis. 23, 35, 119 N. W. 550; *Neale v. State,* 138 Wis. 484, 490, 120 N. W. 345.

Other exceptions are taken with reference to refusal of requested instructions which it seems unnecessary to discuss at length. They have been considered and overruled, and the judgment should be affirmed. We do not think the statute, sec. 1494—58, authorizes the court to award against the defendant double damages. The jury under proper instructions may under that· section find that the fire occurred through wilfulness, malice, or negligence, but by this is not meant mere want of ordinary care. The rules of interpretation require us to hold that the word "negligence" is qualified or modified by the associated words and means such negligence as carries with it an element of wilfulness or malice; in other words, gross negligence. There is no finding here to support the recovery of double damages.

*By the Court.*—Judgment affirmed on defendant's appeal. The plaintiff to take nothing by his appeal. No costs except clerk's fees to be paid by plaintiff.

BARNES, J. I dissent. I hold: (1) That the order setting aside the first verdict and granting a new trial was reviewable on an appeal from the judgment rendered on the second verdict under the decisions of this court in *Keller v. Gilman,* 96 Wis. 445, 71 N. W. 809; *Donkle v. Milem,* 88 Wis. 33, 59 N. W. 586; and *Becker v. Holm,* 100 Wis. 281, 75 N. W. 999. The policy of the law is to discourage numerous appeals, and I see no good reason for discarding the construction placed on sec. 3070, Stats., in the cases cited.

(2) The instructions given on the burden of proof on the first·trial were correct. It was not the ·intention of the court at any time heretofore to hold that the burden of proof is on

the defendant to show affirmatively that it was not negligent. What the court did intend to hold was that when certain facts were shown they raised a presumption of negligence and made a *prima facie* case for the plaintiff. *Atkinson v. Goodrich T. Co.* 69 Wis. 5, 31 N. W. 164. Besides, the plaintiff assumed the burden of proof on this question by offering all available evidence which he had to show negligence on the part of the defendant. *Spaulding v. C. & N. W. R. Co.* 30 Wis. 110, 122; *Goff v. Stoughton State Bank,* 78 Wis. 106, 112, 47 N. W. 190. True, ch. 264, Laws of 1905, imposed on railroads the duty of providing spark arresters that would give the most practicable protection against fires. The imposition of this duty does not shift the burden of proof. If it does, then the burden is cast upon the employer by sec. 2394—48 to show that he has furnished the employee a safe place in which to work, because the duty to do so is plainly imposed by statute.

(3) The order setting aside the first verdict was correct, because the jury was instructed in substance that it was incumbent on the defendant to exercise ordinary care only in the selection of a spark arrester. Under the later decisions of this court overruling in effect but not in terms *West v. Bayfield M. Co.* 144 Wis. 106, 128 N. W. 992, the duty of the defendant to obey the statute was absolute. *Koepp v. Nat. E. & S. Co.* 151 Wis. 302, 139 N. W. 179. I did not agree with the decision in the *Koepp Case,* but deemed it my duty to follow it after it had been decided, and it was followed in *Rosholt v. Worden-Allen Co.* 155 Wis. 168, 144 N. W. 650, and in *Langos v. Menasha P. Co.* 156 Wis. 418, 145 N. W. 1081, and substantially in *Sparrow v. Menasha P. Co.* 154 Wis. 459, 143 N. W. 317.

(4) The instructions given on the burden of proof on the second trial were erroneous and prejudicial and a new trial should be ordered because of them.

(5) Sec. 18 of ch. 264, Laws of 1905, provides that the

plaintiff in such a case as the one before us may recover
"double the amount of damages suffered, if the fires occurred
through wilfulness, malice or negligence." Plaintiff moved
for judgment for double the amount of damages found by the
jury and appeals from the judgment because the court re-
fused to grant his motion. The jury does not find expressly
on the question of defendant's negligence. It does find that de-
fendant violated a statutory duty. This was negligence *per se*.
*Klatt v. N. C. Foster L. Co.* 97 Wis. 641, 73 N. W. 563;
*Martin v. W. U. R. Co.* 23 Wis. 437, 440; *Leora v. M., St. P.
& S. S. M. R. Co.* 156 Wis. 386, 146 N. W. 520, 523; *Pizzo
v. Wiemann,* 149 Wis. 235, 237, 134 N. W. 899; *Pinoza v.
Northern C. Co.* 152 Wis. 473, 140 N. W. 84. The verdict
necessarily finds negligence on the part of the defendant.
The word "negligence" as used in this statute does not mean
"gross" negligence. The terms "gross" and "ordinary" neg-
ligence have been carefully defined and long used in our de-
cisions, and presumably are well known to at least such mem-
bers of the legislature as have had a legal training. If the
legislature meant gross negligence it would have said so.
The plaintiff's motion, however, was properly refused. The
jury should have been permitted to assess the double damages
if they were claimed. The statute is a very harsh one. It
does not prescribe any standard by which railroads can know
whether they have complied with the law or not. The ut-
most care may be used, but so long as experts can be found
who will swear that some better device might have been used
a jury question is presented, and the plaintiff receives not the
actual amount of his damages but twice the amount of the
loss which he sustained. When it is considered that fire
losses may run into the hundreds of thousands of dollars and
that the public and not the railroads must ultimately pay the
twofold compensation, the wisdom of the penalty may well
be doubted. The jury here assessed the plaintiff's damages
at $6,000. It does not follow that if it had been called upon

to assess double damages it would have awarded twice that sum. It does not even follow that it would have awarded the plaintiff a cent more than it did. A verdict for $6,000 for double damages would be well within the evidence in the case. Where a party is seeking to recover twice what he lost it is reasonable enough at least to give the jury a chance to say that he must establish the amount of his loss pretty clearly. It is by no means certain that the jury would have returned a verdict for the plaintiff at all if it had been instructed that it must award double damages.

Winslow, C. J. (*dissenting*). While I agree with the conclusions reached by the court to the effect that the order granting a new trial is not reviewable in this appeal and that double damages are not recoverable in a case of mere ordinary negligence, still I think the judgment should be reversed because, in my judgment, the instructions given on the second trial on the question of burden of proof were prejudicially erroneous. Upon this latter question I agree with the discussion contained in the dissenting opinion of Mr. Justice Barnes.

Vinje, J., dissents.

A motion for a rehearing was denied, with $25 costs, on October 6, 1914.